ELLEN S. LUCE, Respondent, *v.* ARTHUR S. GRAY and CHARLES LAFFERTY, Appellants, Impleaded with Others.

*Deed by a father to his son — promise by the son to pay $700 to another child — power of the father to satisfy a mortgage given by the son to secure the agreement — the liability of the father to support the child is a sufficient consideration.*

Upon the trial of an action brought to foreclose a mortgage given by the defendant, Sylvester Gray, to his father, Zebina Gray, and to have vacated and canceled of record a discharge of said mortgage executed by the mortgagee, Zebina Gray, it appeared that in 1855 Zebina Gray owned a farm which was subject to a mortgage of $500 ; that his children consisted of Sylvester Gray, the plaintiff, Ellen S. Luce, then an infant, and Lucy J. Gray, afterwards Lucy J. Swift; that Sylvester Gray wishing to leave home, Zebina Gray, in order to induce him to remain, promised to deed to him the farm, provided Sylvester would pay his parents $120 a year while both lived, and $98 a year if only one were living, and would also make certain payments to each of the daughters. Under this agreement Zebina Gray deeded the farm to Sylvester Gray, who gave to Zebina Gray the mortgage in question, which contained a condition complying with the verbal agreement in regard to the payments to the two daughters, to which agreement both daughters assented. Sylvester Gray compromised and settled the claim of Lucy J. Gray and paid a part of the sum due the plaintiff, but there remained unpaid to her the sum of $700. In 1870 Sylvester Gray mortgaged a part of the premises to Spencer Lyon; and in August, 1871, he and his wife reconveyed the property to Zebina Gray, who, in September, 1871, satisfied of record the mortgage in question, without the knowledge or consent of the plaintiff, who was then of full age. In December, 1872, Zebina Gray and his wife mortgaged the premises to Maria C. Bull. Zebina died in 1888 and his wife in 1884.

The Bull and Lyon mortgages were both foreclosed and the defendants in the present action claimed under them.

*Held,* that the plaintiff took under the agreement an immediate vested interest in the mortgage, given in 1855 by Sylvester Gray to his father, to the extent of $700;

That this was not in the nature of a testamentary provision, made for her by her father, revocable before his death, and revoked when he satisfied the mortgage;

That as the plaintiff was an infant when the mortgage was given, and as her father was bound to support her, this constituted a consideration for the promise for her benefit which was contained in the mortgage.

APPEAL by the defendants, Arthur S. Gray and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Allegany on the 29th day of April, 1895, upon the report of a referee.

*James C. Leggett*, for the appellants.

*C. D. Davie* and *J. J. Inman*, for the respondent.

LEWIS, J.:

This action was brought to foreclose a mortgage, made by the defendant Sylvester Gray to his parents, Zebina and Zoah Gray, deceased, upon certain premises in Allegany county, and to have vacated and canceled of record a discharge of said mortgage which had been executed by the mortgagee, Zebina Gray, and recorded in the clerk's office of said county.

The action was tried before a referee.

It was found by the referee, upon evidence sustaining the findings, that Zebina Gray was, in the year 1855, the owner of a farm situated in the county of Allegany, containing 125 acres, upon which he had resided, with his family, for many years. He had three children, the defendant Sylvester Gray, Lucy J. Gray, now Lucy J. Swift, and the plaintiff, Ellen S. Gray, now Ellen S. Luce. The son and the daughter Lucy were then of full age and were married. The plaintiff was a minor of about the age of fourteen years. Sylvester and his family, at the time of the conveyance, were living in a house upon the farm, with his parents. He had a desire to move to the west, and so informed his parents.

They were anxious that he should remain at home. Sylvester made it a condition of his remaining that he should have a deed of the farm, and it was arranged between the parents and Sylvester that the parents should convey the farm to him upon condition that he should remain at home, and that they should be permitted to live upon the farm, and Sylvester to pay them $120 a year so long as they both lived, and, in case of the death of one of them, he should thereafter pay to the survivor $98 a year; and that he should pay to Lucy J. Gray the sum of $700 and also pay Ellen S. Gray the sum of $900, $700 of which was secured to be paid by the condition in the mortgage and $200 of which was secured to be paid by the notes of Sylvester Gray.

The agreement, so far as it appears from the case, does not seem to have been committed to writing.

The farm was accordingly deeded to Sylvester, and he remained in possession, and in the year 1861 he executed and delivered to his

father the mortgage in question upon the farm deeded as aforesaid, and, in addition thereto, a lot owned by Sylvester, containing some twenty-five acres of land, was included.

The deed to Sylvester was subject to a mortgage of $500 upon the farm.

The mortgage given by Sylvester to his father contained the following condition : " This grant is intended as a security for the payment of the sum of $120 annually, during the natural lifetime of the said Zebina and Zoah Gray, and, in case of the decease of either the said Zebina or Zoah Gray, thereafter such decease the said Sylvester Gray is to pay $98 annually, and at the decease of the said Zebina and Zoah, the said Sylvester Gray is to pay Ellen S. Gray the sum of $700."

Sylvester, prior to the execution of the mortgage, by an arrangement with his sister Lucy, had compromised and satisfied her claim of $700, and $200 of the $900 due the plaintiff had been paid to her, leaving unpaid to her the sum of $700, the amount mentioned in the mortgage. The mortgage was duly recorded in the clerk's office, and was returned to Zebina Gray, who retained possession thereof until the 23d day of August, 1871. It was understood and agreed between the parties to the mortgage that the same was in full settlement and payment for the purchase price of the land conveyed to Sylvester. The plaintiff and her sister, Lucy, were aware at the time the contract was made of the provision for their benefit, and assented thereto.

On the 17th day of December, 1870, Sylvester Gray incumbered ninety acres of the premises mentioned by a mortgage to one Spencer Lyon of $1,700, which was duly recorded.

On the 23d day of August, 1871, Sylvester Gray and his wife, by a warranty deed containing full covenants, conveyed the home farm covered by the first-mentioned mortgage to his father, Zebina Gray. The consideration expressed therein was $2,700.

The deed was duly recorded, and Zebina Gray, by a paper dated the same day, and acknowledged on the fifteenth day of September thereafter, certified that the mortgage first described was redeemed, paid off and discharged, which paper was recorded in the proper clerk's office. Ellen at this time was of full age, and was married. The discharge of the mortgage was without her knowledge or consent;

no part of the $700 has ever been paid. Zebina Gray and Zoah, his wife, thereafter, and on the 20th day of December, 1872, executed and delivered to one Maria C. Bull a mortgage upon said premises for the consideration expressed of $1,200, which was duly recorded. The defendants appealing derived title to their portions of the premises under the foreclosure and sale of the two mortgages mentioned as given by Sylvester Gray to Lyon and by Zebina Gray Bull.

Zoah Gray died in the year 1884, and Zebina in the year 1888.

There was an absence of any direct evidence showing the actual value of the farm at the time it was conveyed to Sylvester.

The referee found as a conclusion of law from the foregoing facts that the plaintiff had a vested interest in the mortgage to the amount of the sum mentioned, $700, and that her father had no power or authority to discharge the lien of said mortgage so far as plaintiff's interests were concerned, and he directed judgment for the sale of the premises for the satisfaction of the plaintiff's claim, with costs of the action; from which judgment defendants, Arthur S. Gray and Charles Lafferty, grantees of the premises, appealed. The question is presented, was the transaction described designed and intended by the parties thereto to vest in the plaintiff a present right to 'the $700, or was the transaction in its nature testamentary, and, therefore, revokable at the pleasure of the mortgagee.

An examination of the case has led our minds to the same conclusion as that reached by the referee.

The parents owned this farm. It was probably of the value of from $3,000 to $4,000, incumbered, as stated, to the amount of $500. Their son, upon whom they relied to work and manage the farm, presented the alternative to them of giving him title to the farm or of his leaving them and moving to the west. So far as appears from the case the farm, with the tools and stock thereon, constituted the entire property of the parents. They had two daughters. One had arrived at age, was married and was living in a home of her own. The other was but fourteen years of age; she was living with her parents, and was dependent upon them for her means of support and education. The parents very naturally wished and intended, in making a disposition of their property, that the daughters should have an equitable portion thereof.

At the time of the giving of the mortgage in question Lucy had already received her portion, and provision was made in the mortgage for the payment to the plaintiff of the balance of the $900 which had been set apart for her. It was altogether improbable that the father, under the circumstances, had in mind to make the payment of the $700 to the plaintiff dependent upon any other condition than the one mentioned in the mortgage, the death of the father and mother. The father did in fact subsequently satisfy the mortgage of record, and that is urged as evidence that he originally intended the provision for the plaintiff to be of a testamentary character.

The circumstance does not impress us as being very significant. He was a farmer and probably unacquainted with the rules of law governing such a transaction. He being the mortgagee, and having possession of the mortgage, may very naturally have concluded that he had the power to satisfy it of record, without having given any thought or attention to the question of his power so to do. Living as he did in the same house with Sylvester, he presumably was aware at the time the mortgage was executed that Lucy's claim had been satisfied; it is quite improbable that he at that time had in mind to retain to himself the right and power to thereafter cut off the provision he had secured for the plaintiff. The situation of the plaintiff had somewhat changed at the time the mortgage was discharged of record. She was then an adult. She had married; had left her former home, and her father probably thought her husband could care for her.

The son Sylvester was a party to all these transactions. He was living in the same house with his father when the mortgage was executed, and presumably was entirely familiar with his father's wishes and intentions at that time. His subsequent conduct shows that he must have understood that it was a gift *in præsenti*, for it appears from the evidence, and is so found by the referee, that after the execution of the mortgage in question, and before the same was satisfied of record, he offered to pay the $700 to the plaintiff. The plaintiff and her husband declined to receive the money for the reason, as stated by them, that they had no means of investing it, and that they considered it perfectly safe, and preferred to have it remain as it was.

It is very improbable that this offer would have been made by Sylvester had he not understood that the provision made for the plaintiff in the mortgage was intended as a present gift to her, and not dependent upon any action which might thereafter be taken by her father.

Very little assistance is afforded us in the decision of the questions here presented by other adjudications, the decision of each case depending so largely upon its own facts.

The respondent's counsel relies upon *Townsend* v. *Rackham* (143 N. Y. 516) as an authority for his contention. The trial court in that case found that the mortgages involved in that action were executed upon the understanding and belief that the whole arrangement was testamentary in its character, and in the nature of a will. Here the exact reverse of that is found.

The plaintiff being at the time of the giving of the mortgage an infant, her father was required to support and provide for her. This obligation furnished a sufficient consideration for the provision contained in the mortgage for her benefit.

We fail to find any reason for disturbing the judgment appealed from. It should be affirmed, but without costs of this appeal.

BRADLEY, WARD and ADAMS, JJ., concurred.

Judgment affirmed, without costs of this appeal.