(20 Misc. Rep. 320.)

### GLEASON v. MORRISON et al.

(Supreme Court, Appellate Term.    May 28, 1897.)

1. BAILMENT—RETURN OF CHATTEL—CUSTOM OF BUSINESS.
Where a contract of hiring of a chattel does not prescribe the obligation as to delivery by the bailee, the custom and usage of the business at the place of the hiring govern.

2. CUSTOMS AND USAGES—PRESUMPTION OF KNOWLEDGE. ·
A person is presumed to know the customs and usages of the business in which he is engaged.

3. TROVER AND CONVERSION—PLEADING RIGHT TO POSSESSION.
A complaint for the conversion of a chattel which plaintiff had hired to defendant need not expressly allege that the hiring had ceased.

4. SAME—WHAT CONSTITUTES CONVERSION.
Failure of a bailee to deliver the chattel within a reasonable time after demand is presumptive evidence of a conversion.

5. SAME—ALLEGATION OF VALUE.
A complaint for conversion need not allege the value of the chattel.

6. SAME—PROOF OF VALUE.
The value of a chattel when new may be shown, as bearing on its value at the time of the conversion.

Appeal from city court of New York, general term.

Action by Robert W. Gleason against Cornelius Morrison and Seymour G. Smith for conversion of a steam pump. From an affirmance of a judgment entered on a verdict for $200 in favor of plaintiff (44 N. Y. Supp. 909), defendants appeal. Affirmed. ，

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

W. C. Beecher and Justus W. Smith, for appellant Morrison.
Michael J. Kelly, for appellant Smith.
Charles F. Wells, for respondent.

DALY, P. J.    The defendants hired from the plaintiff in 1885 a steam pump and engine, at a monthly rent. In 1886 the engine was destroyed, and defendants retained the pump on hire. In 1889 the plaintiff recovered judgment against the defendants for the value of the use of the pump; and thereafter it was agreed that plaintiff should take back the pump, which was then on defendants' premises, at the foot. of East Seventeenth street, in this city, plaintiff agreeing to send and get it. From the testimony of plaintiff it appeared that the original agreement, after the settlement of the first suit, was that the defendant should return the pump, but that he subsequently told defendant Smith that he would, as a matter of accommodation, send for the pump, which he did, but that the carman whom he sent returned without it, reporting that he could not get it; and an inference can be drawn from the evidence that this was

because there was more than one pump on the premises, and the plaintiff's property was not pointed out or identified when it was called for. Plaintiff notified defendant Morrison that his man could not get the pump, and required delivery of it to be made by defendants. This was communicated to defendant Smith by Morrison, and Smith notified plaintiff that the pump was at the place designated. Correspondence ensued, extending over 1891 and 1892. Mr. Smith wrote, reiterating that the pump was at the dock, and could be got by plaintiff, and that it would be shown by Mr. Fagan, in charge there; and the plaintiff wrote, repeating that he had sent for it several times and could not get it. In January, 1893, a written notice was sent by plaintiff's attorney to both defendants that, unless the pump were returned, he was instructed to sue them for its value. The pump was not returned, and some months afterwards this action was commenced.

The obligation rested upon defendants to make return of the pump; and, although plaintiff agreed to send for it himself, this did not alter defendants' obligation, except that they were entitled thereafter to notice and demand, and reasonable time to deliver. All this, however, they had, and at the time of the commencement of the action they were clearly in default, and liable to an action for conversion. In the matter of returning property hired, where the contract is silent on that point, the obligation as to delivery is generally regulated by the customs and usages of business at the place of hiring, "which are thus silently adopted into the contract." Story, Bailm. § 384. Plaintiff testified that the custom as to hiring machinery was to take it away and return it. It is objected that the defendants were not shown to be acquainted with that custom, but the rule is that:

"One who is engaged in a trade or business is bound to know its usages at the place where he acts, and, as against himself, is presumed by law to have contracted with reference to them. One who is not engaged in the business, but contracts with those who are, may be presumed, in the absence of evidence to the contrary, to have known its usages, and to have contracted with reference to them." Abb. Tr. Ev. 296, citing Robinson v. U. S., 13 Wall. 363, and Walls v. Bailey, 49 N. Y. 464.

The defendants did not give evidence tending to rebut the presumption that they knew of the custom. It was not a case of the usage of the plaintiff only, which, of course, would have to be brought home to the knowledge of defendants (2 Greenl. Ev. § 251), but of parties hiring machinery; and that this was so understood on the trial appears by the question put to plaintiff on cross-examination.

The letters of plaintiff's attorney to the defendants, making the demand of the pump, were objected to on several grounds, but not on the ground urged upon this appeal, namely, that the letters contained statements of fact of which there was no proof. Waring v. Telegraph Co., 4 Daly, 233. A motion was subsequently made to strike out the letters on that ground, but that motion was properly denied, because it was not confined to the objectionable portions. The portions containing the demand or notice to restore were admissible, and could not be stricken out. A letter written after the commencement of the action to plaintiff's attorney by defendant

Smith's attorney was produced, and an extract read from it, as follows: "My client cannot deliver the pump, as he cannot identify it." This was objected to, but no ground of objection was stated, and the exception to the overruling of the objection is therefore unavailing.

A motion was made at the opening of the case to dismiss the complaint for failure to state facts sufficient to constitute a cause of action, and for failure to plead facts, as required by section 1721 of the Code. That section refers to replevin actions, and no others. This was an action for conversion. As to the general objection to the complaint, it set forth "that before and until the times hereinafter mentioned, and at such times, this plaintiff was entitled to the immediate possession of a certain steam pump, his property, theretofore by him let for hire to the defendants." Then followed an allegation of demand and refusal by defendants on January 21, 1893. The criticism is that the complaint failed to allege that the hiring had ended. Levis v. Burke (Sup.) 3 N. Y. Supp. 386, is relied upon. In that case the complaint contained no averment from which it could be inferred that the hiring had ceased. Here is such an averment, in the statement that the plaintiff was entitled to immediate possession at the time of his demand.

It is argued that there was no proof that the defendants were in possession of the pump when demand was made, and that mere neglect to deliver does not constitute conversion; citing Whitney v. Slauson, 30 Barb. 276. The proof was that at the time of demand, or shortly before, the pump was on defendants' premises, or under their control. Noncompliance with the demand after a reasonable time is presumptive evidence of conversion. 7 Am. & Eng. Enc. Law, 116, and cases cited.

No error was committed in admitting evidence of the value of the pump. It is true, value was not alleged in the complaint; but, in an action of conversion, such allegation is not necessary. Damages were alleged, and must be proved by evidence of value. Connoss v. Meir, 2 E. D. Smith, 314. Nor was there error in admitting evidence of the value of the pump when new. It might afford some guide to the jury in estimating its value at the time of the demand. It was not error to exclude evidence of defendants' relations with a certain fertilizing company, which was said to be the original bailee or hirer of the pump. The judgment roll in evidence conclusively established that these defendants were hirers from the plaintiff. None of the numerous other objections urged by defendants requires a reversal.

Judgment affirmed, with costs. All concur.