(47 App. Div. 165.)

## BARBER v. HATHAWAY.

(Supreme Court, Appellate Division, Third Department. January 8, 1900.)

1. PLEDGE—MORTGAGES—VALUE OF SECURITY—INSTRUCTIONS—CONVERSION.
   Where it was not shown that the mortgagor was insolvent, it was proper for the court, in an action for conversion of mortgage by pledgee, to refuse to instruct, in effect, that the value of the security was to be determined by the value of the property mortgaged.

2. SAME—NOTICE.
   Where pledged property was sold at public sale for a certain amount, it cannot be assumed that its value is less than that amount, even on testimony of a witness to that effect.

3. SAME.
   Proof showing that defendant had received from plaintiff the transfer of a bond and mortgage as pledge or security for a loan, and thereafter, without notice, defendant disposed of same absolutely, to plaintiff's injury, is sufficient to support an action for the conversion of such security.

4. SAME—MORTGAGES.
   The fact that a transfer of a mortgage as collateral was absolute in form does not prevent the transferror from treating it as a pledge.

5. SAME—CONVERSION.
   The holder of a bond and mortgage as collateral to secure a debt has no right to sell it without notice to the pledgor, and such sale amounts to a conversion thereof, and discharges the debt, to an amount equal to the actual value of such security.

6. SAME—TENDER—NECESSITY.
   Where the amount of collateral security is greater than the debt secured, it is not necessary, in order to maintain a suit for the conversion thereof, to tender the amount of the debt.

Appeal from trial term, Otsego county.

Action by Jane Barber against Azariah J. Hathaway to recover for conversion of collaterals pledged to defendant. Judgment for plaintiff, and from the same, and an order denying a new trial, defendant appeals. Affirmed.

Argued before PARKER, P. J., and LANDON, HERRICK, KELLOGG, and MERWIN, JJ.

Gibbs & Wilbur, for appellant.
Edson A. Hayward, for respondent.

MERWIN, J. On April 2, 1883, A. Palmer Barber duly executed and delivered to David Beekman a bond conditioned for the payment of the sum of $1,800 in six equal annual payments, with interest annually. As security for such payment, A. Palmer Barber and Jane, his wife, at same date duly executed and delivered to Beekman a mortgage on certain real estate in the town and village of Morris. The bond and mortgage were assigned by Beekman to Jane Barber,

the plaintiff, by assignment dated January 2, 1892, but not delivered until March 18, 1894. The full amount of the principal was then unpaid, besides some of the interest, and upon the transfer to plaintiff the bond and mortgage were in her hands a valid security for the full amount of the unpaid principal and interest. Afterwards, by assignment bearing date March 17, 1894, Jane Barber transferred the bond and mortgage to the defendant. This assignment is in the usual form, and is on its face absolute, and recites as the consideration of the transfer the sum of $1,800. The defendant, by assignment dated March 7, 1895, transferred the bond and mortgage to J. E. Hathaway, and covenanted that there was then due thereon the sum of $1,800, and interest from April 7, 1889. On the 24th March, 1896, J. E. Hathaway, the assignee, commenced a foreclosure of the mortgage by advertisement, and this resulted in a sale on 20th June, 1896; the property being then struck off to Asel Emerson, the highest bidder, at the sum of $2,400. Emerson transferred his bid to the defendant, and he transferred it to J. E. Hathaway; stating in the transfer that he authorized the deed to be made to him, said J. E. Hathaway. A. Palmer Barber died October 14, 1894. This action was commenced on September 3, 1896. In the complaint it is, among other things, alleged that the transfer from plaintiff to defendant on March 17, 1894, was by way of pledge to the defendant to secure the payment to him of the sum of $1,100 then loaned by him to the plaintiff,—the defendant agreeing to keep the same until redeemed by plaintiff, and then to redeliver and reassign to plaintiff; that the transfer by defendant to J. E. Hathaway was at private sale, and without demanding of plaintiff the payment of the loan, and without any notice of the time or place of such sale, and without the knowledge or consent of the plaintiff, and without giving her any opportunity to redeem; that since that time the defendant has claimed that the transfer to him was absolute, and has refused to permit the plaintiff to redeem, and has refused to redeliver or reassign; that the bond and mortgage were of the value of $2,554. There was also an allegation that on or about the 4th March, 1896, or prior thereto, the defendant wrongfully and unlawfully converted and disposed of the bond and mortgage to his own use, to the damage of the plaintiff in the sum of $2,554. The defendant in his answer admitted that since the 4th March, 1896, he had claimed that the transfer to him was absolute, and he alleged the fact so to be.

Upon the trial the main issue upon the facts was whether the transfer to defendant was absolute, or as security for a loan of $1,100. The plaintiff proved that the defendant at the time of the transfer executed and delivered to her a paper of which the following is a copy:

"This is to certify that I have this day took an assignment of a mortgage for $1,800 from Jane Barber, and paid thereon $1,100, with the agreement that, when said $1,100 and interest is paid in full, I am to reassign said mortgage, with the bond, to the said Jane Barber.      A. J. Hathaway.

"Morris, March 17, 1894."

The defendant denied the execution of this paper, but upon the evidence that clearly was a question for the jury; and their verdict, in

effect that he did execute it, should not be disturbed. The plaintiff testified that the defendant never gave her notice of any kind that he was going to dispose of the bond and mortgage, and never made a demand upon her for the $1,100.

The court, in the submission of the case to the jury, charged them that the question for them to determine was whether the transfer of the bond and mortgage was absolute, or as security or pledge for the repayment of the $1,100; that, if they concluded the transfer was absolute, the plaintiff could not recover; that if they concluded the transfer was as security for the loan, and to be reassigned upon its payment, then the plaintiff could recover the face value of the bond and mortgage, being the sum of $1,800, with interest from April 7, 1889, less the sum of $1,100, with interest from March 17, 1894. There was no request to submit any other question to the jury, or any exception to the charge, except as to the measure of damages. The defendant requested the court to charge that, if the jury should find that the plaintiff was entitled to recover, "all she would be entitled to recover would be the difference between $1,100 and the proof of the value of the property, $1,500." This the court properly declined to charge. There was no proof that the obligor, Barber, was insolvent, and therefore the amount unpaid was prima facie the value of the security. Griggs v. Day, 136 N. Y. 152, 32 N. E. 612, 18 L. R. A. 120. Besides, the court could not assume that the value of the property was $1,500, as testified to by a witness for defendant, in the face of the fact that at public sale it brought $2,400.

The defendant at the conclusion of the charge asked leave to introduce evidence as to the insolvency of the obligor, Barber. This request the court denied. The jury found a verdict for the plaintiff for $1,400.37. The defendant afterwards, upon affidavits showing that the obligor was insolvent in 1894, and that the counsel for defendant, by reason of misapprehension or inadvertence, failed to show the fact, moved for a new trial, which the court granted, unless the plaintiff would reduce the verdict to $630 and interest from March 3, 1898, which the plaintiff accordingly did. No fault seems to be found by defendant as to the result of this motion, so far as the amount of the verdict is concerned, and no good reason is apparent for disturbing the conclusion of the jury that the transfer to defendant was as a pledge or security for the loan.

The appellant claims that the court erred in denying the motion of defendant for a nonsuit. We think not. The ground of the motion was that the plaintiff had failed to prove facts sufficient to constitute a cause of action. There was proof tending to show that the defendant, having received the transfer of the bond and mortgage as pledge or security for the loan, thereafter, without notice to the plaintiff, disposed of the same absolutely, to the injury of the plaintiff. It is not necessary here to characterize the action. No question was made as to the pleadings on the motion for nonsuit.

The fact that the transfer was in form absolute does not prevent the plaintiff from treating it as a pledge. Wilson v. Little, 2 N. Y. 443, 447; O'Dougherty v. Paper Co., 81 N. Y. 496, 498. In Haskins v. Kelly, 1 Rob. 160, 172, it is said that the transfer of choses in

action as mere security for a debt is always a pledge. If the defendant held the bond and mortgage as a pledge, he had no right to sell it without notice to the plaintiff. Wheeler v. Newbould, 16 N. Y. 392; 18 Am. & Eng. Enc. Law, 668. In Griggs v. Day, supra, it was held that a wrongful sale by a creditor of collateral security placed in his hands by the debtor is a conversion thereof, and discharges the debt, to an amount equal to the actual, not the face, value of such security. I see no good reason why this rule is not applicable here. The assignment by defendant, followed by the foreclosure, operated to deprive her of her security. She was not obliged to tender to defendant the amount of her debt, as the value of the security was greater than the debt, and by the defendant's act she was injured to the extent of the balance of the value over and above the debt. No reversible error is apparent in any of the rulings to which our attention is called. The defendant has not, I think, any good ground for complaining of the judgment as finally adjusted, and it should be affirmed.

Judgment and order affirmed, with costs. All concur.