ESTHER THOMAS, Plaintiff, *v.* ALEXANDER ZAHKA and WADIE NAJJAR, Defendants.

(Supreme Court, Kings Trial Term, March, 1917.)

Accord and satisfaction — what is an — payment — when agreement binding — contracts.

Mortgages — assignment of — satisfaction of — foreclosure of — what is a good consideration — evidence — tender — interest — election of remedies — parties — pleading.

The general rule that a mere partial payment of any indebtedness accepted in full settlement is not an accord and satisfaction is strictly limited to cases coming within it.

Where a creditor receives something else for value in addition to a part payment, an agreement that it extinguishes the debt is binding.

By an agreement synchronous with plaintiff's assignment of a $3,500 mortgage, as security for a loan of $2,000 made by defendants to a third party, defendants were declared to hold a prior interest in the mortgage to the extent of $2,000 with right to collect the whole principal and interest, being accountable to plaintiff for her share, and upon receiving payment to satisfy the mortgage. Both the assignment and the agreement were recorded and payment upon the mortgage by the owner of the property to defendants together with an assignment to them of a mortgage of $1,000 on other property totaled less than the amount defendants were entitled to receive, but they executed a satisfaction piece of the $3,500 mortgage which was not yet due and surrendered it with the accompanying bond. The indebtedness for which said mortgage was assigned as security was then past due and had never been paid. The amount of prior liens on said property covered by the

$3,500 mortgage exceeded the value of the property at the time said mortgage was satisfied. At the time of the trial of this action by plaintiff to recover her share in the $3,500 bond and mortgage, the $1,000 mortgage which was subject to other liens had been cut off by a foreclosure and a deficiency judgment entered against the maker of the bond who was the same person who executed the $3,500 bond.

*Held,* that under the terms of the participation agreement defendants, the holders of said mortgage under an assignment absolute on its face, had the right to foreclose the mortgage or sue for the debt, and that in either event plaintiff was not a necessary party plaintiff.

That as to the debtor, the owner of the property, defendants were the owners of the mortgage with whom he could safely deal alone, and they having possession of the bond and mortgage any payment or settlement that bound them was also binding upon plaintiff.

That the acceptance of the $1,000 bond and mortgage in the circumstances was a good consideration to make effective the agreement for the discharge in full of the $3,500 bond and mortgage and was, in the absence of fraud, valid as an accord and satisfaction extinguishing the debt and discharging the debtor from all liability either on the bond or on the mortgage.

That while defendants could satisfy the mortgage if paid in full, or even when not so paid if the maker of the bond was insolvent and if it was done to prevent a foreclosure of a prior lien and was replaced by another mortgage on the same property and plaintiff's interest not prejudiced, defendants had no right to extinguish the debt and discharge the lien of the mortgage unless it was paid in full, and that so to do without plaintiff's consent was in violation of her rights and that as by defendants' act she was deprived of her share in the debt and had no way of enforcing it defendants were liable.

That an allegation of the complaint that the bond and the mortgage were for $3,500 was a sufficient allegation of their value and with a statement of plaintiff's interest to the extent of $1,500 was a statement of her damages and it was not necessary to plead the value of the bond and mortgage.

That as the solvency and the ability of the makers of the bond were presumed in the absence of proof to the contrary, and the amount unpaid on the bond being *prima facie* the value of the security although the mortgaged premises were not of that

value, the fact that they were worth less than prior liens did not show that plaintiff was not damaged.

That there was a deficiency judgment against the debtor at the time of the trial, nearly two years after the satisfaction was given and the bond and mortgage surrendered, was immaterial, the only question being whether the debtor was solvent at the time the satisfaction was given.

That it was not necessary for plaintiff to tender to defendants the amount due them from the third party, to secure which the assignment of the bond and mortgage had been made, as the value of the security was greater than the debt, and that plaintiff by defendants' act was injured to the extent of the balance of such value over the debt.

That defendants have not received the amount of their interest in the bond and mortgage cannot be considered in determining the questions involved.

That admissions in the answer showing that defendants had received more than their interest in the bond and mortgage while not binding and conclusive could properly be used as evidence against them.

That after plaintiff learned of the satisfaction of the mortgage she filed a notice of claim of her interest in it, asserting that it still existed, was not binding upon her as an election of remedies and did not affect her rights to any legal remedy which she possessed.

ACTION to recover plaintiff's share in a certain bond and mortgage after same has been satisfied.

Frank E. Johnson, Jr., for plaintiff.

London & Davis, for defendant Zahka.

Adolphus D. Pape, for defendant Najjar.

CROPSEY, J.  This case was tried before the court, a jury being waived.  There is no disputed question of fact, all the facts being conceded.  Briefly, they are these:  The plaintiff owned a mortgage on real property for $3,500, which she assigned to the defendants as security for a loan of $2,000, which they made to a party named Plaisantin; the assignment on its face

was absolute; at the time it was given a participation agreement in the usual title company form was executed, by which the defendants were declared to hold a prior interest in the mortgage to the extent of $2,000 and the plaintiff a subordinate interest to the extent of the balance, the defendants having the right to collect the whole principal and interest, being accountable to plaintiff for her share and upon receiving payment to satisfy the mortgage, the defendants having " all the rights of any holders of said bond and mortgage;" the assignment and participation agreement were recorded; the owners of the property covered by the mortgage paid something on account to the defendants, and later made another payment and assigned to the defendants a bond and mortgage for $1,000 on other property; the amounts so paid together with the face value of the $1,000 bond and mortgage totalled less than $2,000 with interest, which defendants were entitled to receive; at the time of receiving the cash payment and the assignment of the $1,000 mortgage, the defendants executed a satisfaction which was filed, and surrendered the $3,500 bond and mortgage; it was the intention of the defendants and the owner of the property that the payment of the money and the assignment of the $1,000 mortgage should be in full payment of the $3,500 bond and mortgage; at that time the $3,500 bond and mortgage were not due; Plaisantin's indebtedness was then past due and has never been paid; there were prior liens on the property covered by the $3,500 mortgage, which in amount exceeded the value of the property at the time that mortgage was satisfied; the $1,000 mortgage also was subject to other liens and at the time of the trial it had been cut off by a foreclosure and a deficiency judgment entered against the maker of the bond; the $1,000 bond was executed by the same person as the

$3,500 bond; the plaintiff has never received her share in the $3,500 bond and mortgage, and brings this action to recover it.

Under the terms of the participation agreement, the defendants had the right to bring a foreclosure action or to sue for the debt, and the plaintiff was not a necessary party plaintiff. As to the debtor, the owner of the property, the defendants were the owners of the bond and mortgage, and the debtor could safely deal with them alone, any payment or settlement that bound the defendants binding also the plaintiff. *Corporate Investing Co.* v. *Gracehull Realty Co.,* 157 App. Div. 259, 260, 261 (construing almost identical agreement); *Lowenfeld* v. *Wimpie,* 139 id. 617, 620. In the latter case (p. 621) it was held that under such a participation agreement the defendants could satisfy the mortgage and discharge the indebtedness without the plaintiff's consent and without receiving payment of it, and that the owner of the property would be protected.

The general rule that a mere partial payment of an indebtedness, though accepted in settlement of it, is not an accord and satisfaction, is not favored by the courts and it is strictly limited to cases coming within it. *Jackson* v. *Volkening,* 81 App. Div. 36, 43, 44, and cases cited. So when in addition to a part payment of the debt the creditor receives something else of value, an agreement that it extinguishes the debt is binding. 1 Corpus Juris, 544; *Jaffray* v. *Davis,* 124 N. Y. 164, and cases cited; Chase's Blackstone (3d ed.), 622. Under these authorities, the acceptance by the defendants of the $1,000 bond and mortgage from the debtor was a good consideration to make effective the agreement that it discharged in full the $3,500 indebtedness.

Again, the $3,500 mortgage was not due at the time

22

it was satisfied, so it could be satisfied and the debt extinguished for less than its face value. 1 Corpus Juris, 544; *Bandman* v. *Finn,* 185 N. Y. 508, 512, and cases cited. In *Hutchings* v. *Munger,* 41 N. Y. 155, the debt was due and that was given (p. 158) as a reason why part payment could not satisfy.

The surrender of the $3,500 bond and mortgage, with the intent that the debt be discharged, was effective in the absence of fraud or mistake. *Larkin* v. *Hardenbrook,* 90 N. Y. 332, 334; *Babcock* v. *Bonnell,* 80 id. 244, 248.

The debtor is protected in making payments to the defendants and in settling the claim with them. They had possession of the bond and mortgage and also an absolute assignment of them, and the debtor was justified in dealing with them. *Crane* v. *Greunewald,* 120 N. Y. 274. The cases (*Waterman* v. *Webster,* 108 N. Y. 157; *Macpherson* v. *Rollins,* 107 id. 316, and *Luce* v. *Gray,* 92 Hun, 599) cited by defendants do not support their contention. In each the mortgage on its face showed that others than the person executing the satisfaction piece were part owners of it. Here the defendants appeared to be the sole owners, on the face of the assignment. The only paper which showed the plaintiff's interest was the participation agreement, and, while that was recorded, it was not notice to the debtor. The Recording Act (Real Prop. Law, § 291) makes the record of a conveyance (and a satisfaction is a conveyance, Real Prop. Law, § 240; *Bacon* v. *Van Schoonhoven,* 87 N. Y. 446; *Assets Realization Co.* v. *Clark,* 205 id. 105, 119) notice only to subsequent purchasers and mortgagees. The debtor was neither. A person taking an assignment of a mortgage, or an interest in it, must give actual notice to the debtor, otherwise the latter may treat the former holder of the mortgage as its owner, especially if he

retains possession of the bond and mortgage, and payments made to him will be deemed proper; constructice notice of the assignment by merely recording it is not sufficient, the debtor is not bound by it. *Ely* v. *Scofield,* 35 Barb. 330; *James* v. *Morey,* 2 Cow. 246, 288; *Brewster* v. *Carnes,* 103 N. Y. 556; *Mueller* v. *Goerlitz,* 53 Misc. Rep. 53.

From what has been said, it follows that the settlement made by the defendants with the debtor was a valid accord and satisfaction, that it was binding on the plaintiff, that it extinguished the debt and discharged the debtor from all liability on either the bond or the mortgage, and hence that the plaintiff cannot sue to foreclose her interest in the mortgage or to recover her share in the bond. The defendants had the right to foreclose the mortgage but, under the terms of the agreement, only upon giving notice to the plaintiff; they could also satisfy the mortgage, if it was paid in full, or even when not paid, if the maker of the bond was insolvent and if it was done to prevent a foreclosure of a prior lien, and was replaced by another mortgage on the same property and plaintiff's interests were not prejudiced. *Lowenfeld* v. *Wimpie,* 139 App. Div. 617. But they had no right to extinguish the debt and discharge the lien of the mortgage under any other circumstances, unless they received full payment. To do so without the consent of the plaintiff was in violation of her rights. The defendants' act has deprived the plaintiff of her share in the debt. She now has no way of enforcing it. The defendants are liable. *Dyckman* v. *Valiente,* 42 N. Y. 549, 560, 561; *Osborn* v. *Schenck,* 83 id. 201, 204; *Gates* v. *Bowers,* 169 id. 14, 17.

The defendants assert that the complaint does not state a cause of action. They say the value of the bond and mortgage is not pleaded. It is. The com-

plaint states that the bond and mortgage were for $3,500, and that is a sufficient allegation of their value, for they are presumed to be worth their face unless the contrary is shown. *Booth* v. *Powers,* 56 N. Y. 22, 27; *Thayer* v. *Manley,* 73 id. 305, 308; *Griggs* v. *Day,* 136 id. 152, 161; *Blumenthal* v. *Lewy,* 82 App. Div. 535, 537; *Deri* v. *Union Bank,* 65 Misc. Rep. 531, 536. Thus a statement of the face amount with a showing· of the extent of the plaintiff's interest was a statement of her damages. But it was not necessary to plead the value of the bond and mortgage. *Gleason* v. *Morrison,* 20 Misc. Rep. 320, 324. The complaint shows that plaintiff claims to be damaged to the extent of $1,500, and that was all sufficient.

The defendants further claim that the complaint is defective because it does not show that plaintiff's interest in the bond and mortgage was extinguished. The participation agreement is set forth in full in the complaint, and the fact that the defendants had for value before its due date surrendered the bond and mortgage and given a satisfaction which had been filed is also pleaded. Upon these facts the defendants had no right, as against the plaintiff, to discharge the debt for less than its face value and thus prejudice her, although the debtor was justified and protected in dealing with the defendants. This has been shown in the cases already cited. On the trial it was conceded that the defendants and the debtor intended the settlement made to be in extinguishment of the debt. If it could be said that the complaint did not in effect contain such an allegation and that it was essential, the plaintiff on the trial moved to amend to conform to the proof, and that motion is now granted.

The further claim is made that the plaintiff was not damaged. Defendants point to the fact that the property upon which the mortgage in question was a lien

was worth less, at the time the mortgage was satisfied, than the total amount of the prior liens on it. But there is no proof of the insolvency of the makers of the bond at that time. Their solvency and ability to pay are presumed in the absence of proof to the con-- trary (*Potter* v. *Merchants' Bank,* 28 N. Y. 641, 655), and the amount unpaid on the bond is *prima facie* the value of the security, although the mortgaged premises are not of that value. *Barber* v. *Hathaway,* 47 App. Div. 165; affd., 169 N. Y. 575.

That there was a deficiency judgment against the debtor at the time of the trial, over twenty months after the satisfaction was given and the bond and mortgage surrendered, does not affect the situation. There is nothing to show that the debtor was not solvent at the time in question, and that is the only concern. Nor does it matter whether the bond and mortgage, taken by the defendants when they extinguished the original debt, were paid. Defendants had no right to accept in payment of the $3,500 bond and mortgage anything but money, at least not beyond the amount of their interest in it, that is, $2,000. They could not give away the interest the plaintiff had in it, nor could they exchange that interest for some other security. That they did at their peril and they became liable to the plaintiff for her share. *Knope* v. *Nunn,* 151 N. Y. 506.

The case of *Lowenfeld* v. *Wimpie,* 139 App. Div. 617, already cited, does not authorize what the defendants here did. There the court upheld the satisfaction of a mortgage by the person holding the superior interest under a participation agreement, without receiving payment, but only because it was replaced by another mortgage on the same property, and was done to prevent a foreclosure of prior liens and because the debtor (the maker of the bond) was insolvent (p. 619).

There the person holding the subordinate interest lost no right. His bond was worthless and he was in no way damaged. On the contrary, the arrangement was to prevent a foreclosure of a prior lien, which was in his interest. Here the plaintiff has lost rights, the right to enforce the bond, which was not worthless, and the right to foreclose the mortgage, which was valuable, notwithstanding the conceded fact that there was no equity in the property. The mortgage the defendants took in payment was on different property. It was not taken to prevent a foreclosure. The plaintiff was damaged. The arrangement made by the defendants with the debtor was not in her interest. Defendants were concerned only about their own interests, and they absolutely cut off every claim the plaintiff had. She lost much by the defendants' act and gained nothing.

It was not necessary for the plaintiff to tender to defendants the amount due to them from Plaisantin; she was not their debtor, and, even if she were, there would be no such requirement, " as the value of the security was greater than the debt, and by the defendants' act she was injured to the extent of the balance of the value over and above the debt." *Barber* v. *Hathaway*, 47 App. Div. 165, 169; affd., 169 N. Y. 575.

The defendants' brief emphasizes the claim that they have not received even the amount of their interest in the bond and mortgage and urges that it would be unfair to compel them to pay plaintiff's claim. This cannot be considered in determining the law questions here involved. The situation in which the defendants find themselves was one of their own choosing and they must bear the consequences of their act. But it does not appear that the defendants are in such a situation as they claim. They admit having received at different times $383 and $730, in cash, also

the $1,000 mortgage, and their answer alleges a sale of the $3,500 bond and mortgage at public auction which realized an additional $1,500. Thus, even excluding the $1,000 mortgage which they say had no value, they seem to have received $2,613. The statement referred to in the answer can properly be used as evidence against the defendants (*Talbot* v. *Laubheim,* 188 N. Y. 421, 425, and cases cited) though perhaps it would not be binding and conclusive, and might be controverted or explained, as it is but a part of the allegations of a defense and so could not be treated the same as the whole allegation in a pleading would be treated. *Young* v. *Katz,* 22 App. Div. 542.

After the plaintiff learned that the defendants had satisfied the mortgage, she filed in the register's office a notice of claim of her $1,500 interest in it, asserting that it still existed. This the defendants claim was an election of remedies by her which prevents now the maintenance of this action. But the filing of that notice was futile. She could not enforce her claim either to a bond or mortgage, 'as has been shown. "Any step, or action, taken by her, which was fruitless, because proceeding upon a misconception of the rights which the law gave her, left her unaffected as to any legal remedy which she did possess." *Henry* v. *Herrington,* 193 N. Y. 218, 223. Besides, the defense that plaintiff has made an election must be pleaded like every other matter in bar. *Roberge* v. *Winne,* 144 N. Y. 709, 712. There is no such plea here. The plaintiff is entitled to judgment.

Judgment for plaintiff.