C. LUDWIG BAUMANN, Appellant, *v.* DE WITT STETTEN et al., as Trustees, et al., Appellants, and BERENICE L. BAUMANN et al., Respondents.

(Argued October 21, 1931; decided November 24, 1931.)

*Brison Howie* for plaintiff-appellant. Even if the word " dividends " be disregarded the plaintiff is nevertheless entitled to all " income " from the deposited assets and thus to his share of the stock dividend, regardless of whether the separation agreement created a trust or a pledge. (*Equitable Trust Co.* v. *Prentice,* 250 N. Y. 1; *Sturgis* v. *Roche,* 247 N. Y. 585; *Matter of Bird,* 241 N. Y. 184; *Bourne* v. *Bourne,* 240 N. Y. 172; *Macy* v. *Ladd,* 227 N. Y. 670; *U. S. Trust Co.* v. *Heye,* 224 N. Y. 242; *Matter of Osborne,* 209 N. Y. 450.) The plaintiff is entitled to the whole of the dividend under the express terms of the agreement. (*Brainard* v. *N. Y. C. R. R. Co.,* 225 N. Y. 125.) During plaintiff's lifetime the individual defendants-appellants held the securities as pledgees only, and no trust was created until after his death. (*Wehrle* v. *Mercantile Nat. Bank,* 221 Mass. 585; Real Prop. Law, § 96; Pers. Prop. Law, § 11; *Robinson* v. *Adams,* 81 App. Div. 20; 179 N. Y. 558; *Garvey* v. *McDevitt,* 72 N. Y. 556; *Cooke* v. *Platt,* 98 N. Y. 35; *Embury* v. *Sheldon,* 68 N. Y. 227; *Doctor* v. *Hughes,* 225 N. Y. 305; *National Bank of Commerce* v. *Allen,* 90 Fed. Rep. 545; *Winfrey* v. *Strother,* 145 Mo. App. 115; *Robertson* v. *Sully,* 2 App. Div. 152; 157 N. Y. 624; *Lawrence* v. *Maxwell,* 53 N. Y. 19; *Wilson* v. *Little,* 2

N. Y. 443; *Booth* v. *Consolidated Fruit Jar Co.*, 62 Misc. Rep. 252; Stock Corp. Law, § 47; *Elyea* v. *Lehigh Salt Mining Co.*, 45 App. Div. 231; 169 N. Y. 29; *Knox* v. *Eden Musee Co.*, 148 N. Y. 441; *McNeil* v. *Tenth Nat. Bank*, 46 N. Y. 325; *Hale* v. *West Porto Rico Sugar Co.*, 200 App. Div. 577.)

*Jonas J. Shapiro, Benjamin L. Blauvelt, Adolph Bloch* and *Henry Bloch* for defendants-appellants. The agreement being one to hold choses in action as security constituted the individual defendants-appellants pledgees thereof, and not trustees. (*Markham* v. *Jaudon*, 41 N. Y. 235; *Winfrey* v. *Strother*, 145 Mo. App. 115; *Robertson* v. *Sully*, 2 App. Div. 152; 157 N. Y. 624; *National Bank of Commerce* v. *Allen*, 90 Fed. Rep. 545; *Lawrence* v. *Maxwell*, 53 N. Y. 19; *Smith* v. *Craig*, 211 N. Y. 456; *Strong* v. *National Mech. Bkg. Assn.*, 45 N. Y. 717; *Wehrle* v. *Mercantile Nat. Bank*, 221 Mass. 585; *Denison* v. *Denison*, 185 N. Y. 438; *Barber* v. *Hathaway*, 47 App. Div. 165; 169 N. Y. 575.) It follows that the individual defendants-appellants have no power to vote the stock, and have no title to the stock. (Stock Corp. Law, § 47; *National Bank of Commerce* v. *Allen*, 90 Fed. Rep. 545; *Wentworth Co.* v. *French*, 176 Mass. 442; *Masury* v. *Arkansas Nat. Bank*, 93 Fed. Rep. 603; *Lawrence* v. *Maxwell*, 53 N. Y. 19; *Murray* v. *Miller*, 178 N. Y. 316; Real Prop. Law, § 93; *Jacoby* v. *Jacoby*, 188 N. Y. 124.)

*Herbert R. Limburg* and *Joseph L. Weiner* for Berenice L. Baumann, respondent. Plaintiff is not entitled by virtue of the terms of the separation agreement to any part of the shares declared as a stock dividend upon the shares deposited by him under the agreement. (*Insurance Co.* v. *Dutcher*, 95 U. S. 269; *Nicoll* v. *Sands*, 131 N. Y. 19; *City of New York* v. *New York City Ry. Co.*, 193 N. Y. 543; *Carthage T. P. Mills* v. *Village of Carthage*, 200 N. Y. 1; *Story* v. *Craig*, 231 N. Y. 33; *Matter of City of New York*, 217 N. Y. 1; *Porter* v. *Denny*, 170 App.

Div. 546.) The agreement does not award stock divi-
dends to the plaintiff, but requires that they shall be
retained by the trustees. (*Matter of Osborne*, 209 N. Y.
450; *Equitable Trust Co.* v. *Prentice*, 250 N. Y. 1.) The
separation agreement created a trust and not merely a
pledge. (*Brightson* v. *Chaflin*, 225 N. Y. 469; *Bank of
Waterloo* v. *Exchange Bank*, 226 N. Y. 633.) The trustees
were required to transfer the stock to their own names
and to vote the stock, both by law and by the express
terms of the agreement. (*Green* v. *Title Guarantee &
Trust Co.*, 223 App. Div. 12; 248 N. Y. 627; *Miles* v.
*Vivian*, 79 Fed. Rep. 848; *Cooper* v. *Day*, 1 Rich Eq.
[S. C.] 26; *Cogbill* v. *Boyd*, 77 Va. 450.)

*Henry F. Miller* for Elizabeth Baumann et al., respond-
ents. Under the separation agreement the plaintiff did
not become entitled to the stock dividend or any part
thereof. (*Insurance Co.* v. *Dutcher*, 95 U. S. 269;
*Wolsey* v. *Funke*, 121 N. Y. 87.)

O'BRIEN, J. A separation agreement between Charles
Ludwig Baumann and his wife, the defendant Berenice
L. Baumann, contracted for an annual payment by him
to her and provision for their children. In order to
guarantee against default of these payments the husband
agreed to deliver certain insurance policies and stock
certificates into the possession of third persons. Among
these certificates was one for four hundred shares of the
common stock of C. Ludwig Baumann & Co. owned by
the husband. Only five hundred shares of common
stock of that corporation had been authorized and issued.
The wife owned the remaining hundred shares. These
policies and the certificates owned by plaintiff were to
be delivered to the third parties " solely for the purpose
of guaranteeing the performance of the terms of this
agreement," and it was understood, in the language of
the agreement, that until default in payment should be

made by the husband " all dividends or other income " should continue to be paid to him. DeWitt Stetten and Lawrence S. Greenbaum, acting as stakeholders or pledgees of the policies and certificates, accepted their custody and now retain them. Later, the corporation declared a stock dividend of six hundred per cent and increased the common shares of its capital stock to three thousand five hundred shares. The question is whether, within a fair contemplation of the agreement and its fundamental purpose, plaintiff's interest in this stock dividend is such a dividend or income as the parties to the agreement expected would be put in his possession. In this action plaintiff seeks physical possession of the new certificate.

The essence of that part of the agreement dealing with the disposition of the stock certificates was the creation of some collateral security which in the possession of others than the plaintiff would be sufficient to enforce his promise to make provision for his wife and children. When plaintiff parted with the physical control of four-fifths of the capital shares of his corporation, which possessed voting rights, he gave an adequate guaranty that he would perform his agreement and make the required payments. If the collateral security should continue to consist not of four-fifths but only of one-eighth of the voting shares of the capital stock, the value of the security contemplated by the agreement would become so substantially reduced as to afford less probability of coercion against the pledgor. Immediately prior to the declaration of the stock dividend, plaintiff's four hundred shares possessed a book value in excess of $450,000, while after the declaration and the issue of three thousand new shares the value shrank to less than $65,000. Of course no such reduction in value of the pledge ever was contemplated. The purpose of the agreement was to put into the possession of the pledgees all of plaintiff's holdings of common stock in the corporation which he con-

trolled. The yield on the new shares representing plaintiff's proportion of the stock dividend must, in accordance with the terms of the agreement, be paid to him. This is the kind of dividend or income within the intention of the parties. The stakeholders are entitled to retain possession of the certificates for the new stock. No such principle as was involved in *Matter of Osborne* (209 N. Y. 450); *United States Trust Co.* v. *Heye* (224 N. Y. 242); *Equitable Trust Co.* v. *Prentice* (250 N. Y. 1) and kindred decisions is present in this case. On the facts before us we are not required to go farther than merely to hold that within the purview of this separation agreement, such dividends as are physically manifested by certificates of new stock are not such " dividends or other income " as the parties intended should be tangibly held by plaintiff rather than by the pledgees.

We have considered the question in relation to the disposition of the cash dividends on the hundred shares of stock formerly belonging to Mrs. Baumann and we agree with the courts below.

Notwithstanding the phraseology of the separation agreement with respect to the words " trust " and " trustees " we think that defendants Stetten and Greenbaum never were expected, during the life of plaintiff and prior to default by him, to be burdened with all the responsibilities of trustees. Rather the implication from the acts of all the parties is that the main purpose was to clothe these two defendants during the life of plaintiff with the usual powers of stakeholders or pledgees with authority, if necessary, to enforce the payment provisions of the separation agreement in the event of plaintiff's default, to sell the stock and to realize on the other securities. The agreement recites that " the transfer of such assets to the trustees shall be solely for the purpose of guaranteeing the performance of the terms of this agreement by the party of the second part," and provides: " The parties hereto authorize said trustees to sell said

securities at public or private sale, without notice, upon proof satisfactory to them that a default has been made by the party of the second part." Plaintiff is still alive and has not suffered default in payment. The complaint alleges that the insurance policies and the stock certificates are to be held by the trustees during the lifetime of plaintiff as security for the full and faithful performance by him of all the terms of the agreement. It also alleges and the evidence proves that he has duly performed. Real trusts are not created except by that part of the agreement which begins: " Upon the death of the party of the second part, the trustees shall hold said property for the following trusts and uses." Until these two defendants may be forced into some activity contemplated by the agreement, they act merely as pledgees and stakeholders. Up to the present time they are at most nothing except trustees of a passive trust with no right to vote the stock. (*Denison* v. *Denison*, 185 N. Y. 438, 443; *Barber* v. *Hathaway*, 47 App. Div. 165; affd., 169 N. Y. 575; *Markham* v. *Jaudon*, 41 N. Y. 235; *National Bank of Commerce* v. *Allen*, 90 Fed. Rep. 545; Stock Corp. Law; Cons. Laws, ch. 59, § 47.)

The judgment should be modified in accordance with this opinion as to the defendants Stetten and Greenbaum, and as modified affirmed, without costs.

CARDOZO, Ch. J., POUND, CRANE, KELLOGG and HUBBS, JJ., concur; LEHMAN, J., dissents as to the disposition of the cash dividends upon the one hundred shares of stock.

Judgment accordingly.