THOMAS WHEELER *v.* WILLIAM EMMELUTH, RESPONDENT.

OBED WHEELER, ADMINISTRATOR OF THE GOODS, ETC., OF THOMAS WHEELER, APPELLANT.

*Insolvent debtor's discharge — not vacated because the name of a creditor was misstated in the petition therefor.*

The fact that, in a list of creditors contained in the petition for an insolvent's discharge, the name of Thomas Wheeler appeared, whereas properly the name of Obed Wheeler, as administrator of Thomas Wheeler, should have been entered, where there is no evidence that the petitioner was aware of the death of Thomas Wheeler, which had recently happened, does not oblige the court to set aside the order of discharge.

It is not every omission or error in proceedings for the discharge of an insolvent which will render them void. If the proceedings are honestly prosecuted, the inclination and duty of the court will be to disregard errors that will not cause injury.

APPEAL by Obed Wheeler, administrator of the goods, chattels and credits of Thomas Wheeler, deceased, from an order made at a Special Term of the Supreme Court, held in the county of Westchester on the 17th day of May, 1890, canceling two certain judgments in favor of Thomas Wheeler against William Emmeluth and discharging the same of record, and directing the clerk of Westchester county to mark on the docket of said judgments in his office that the same were canceled and discharged of record.

The motion was made to discharge these judgments on the part of the defendant, William Emmeluth, pursuant to section 2182 of the Code of Civil Procedure, upon the ground that the defendant had been discharged from his debts as an insolvent debtor.

*Michael J. Scanlan,* for Obed Wheeler, administrator, appellant.

*Jacob Levy,* for the respondent.

PRATT, J.:

The principal defect urged against the insolvent's discharge is that in the list of creditors appeared the name of Thomas Wheeler, whereas, properly the name of Obed Wheeler, as administrator of Thomas, should have been entered.

There is no reason shown to suppose that at the time of making the application the petitioner was aware of the death of his creditor, which was then recent. Not every omission or error will make insolvent proceedings void. If honestly prosecuted, the inclination and duty of the court will be to disregard errors that have not caused injury.

The brief of the appellant states that one of the judgments canceled by the Special Term order was entered in a Justice's Court, and that being docketed in the county clerk's office it became a judgment of the County Court, and that the motion for discharge should be addressed to that tribunal. But the petition avers the judgment was entered in the Supreme Court on February 24, 1876. The opposing affidavit does not deny that such a judgment was entered, and the order appealed from directs the cancellation of such judgment.

If it be that a judgment was entered on the 23d of February, 1876, in a Justice's Court, it is not aimed at or affected by this proceeding. It may well be that to cancel that judgment resort should be had to the County Court.

The order appealed from should be affirmed, without costs.

Barnard, P. J., concurred; Dykman, J., not sitting.

Order affirmed, without costs.