LANDYSKOWSKI *v.* LARK.

1. Contracts—Personal Liability of Agent.

Agents may bind themselves by their contracts, notwithstanding it be known to both parties that the contract is not for their benefit directly, but is for the benefit of another; and, having done so, they cannot evade their clearly-expressed liability under the contract by showing that they were agents.

2. Same.

A contract for the construction of parochial buildings, describing the parties of the first part as the trustees and building committee of the church, and as acting by authority of the bishop of the diocese, whereby they agree, for themselves, their heirs, executors, and administrators, to pay the contract price, signed by them as individuals, except that one adds to his signature the title "president" and another the title "secretary," is binding upon them personally.

3. Notice of Trial—Sufficiency.

Service of notice of trial upon an attorney who has appeared for all of the defendants, and pleaded the general issue, is good as against all, in the absence of any order of substitution, although in the meantime two of the defendants have appeared by another attorney, and filed a like plea.

Error to Wayne; Donovan, J. Submitted January 17, 1896. Decided March 3, 1896.

*Assumpsit* by Martin Landyskowski against Frank Lark and others for the breach of a building contract. From a judgment for plaintiff, defendants bring error. Affirmed.

June 16, 1890, the plaintiff entered into a contract with the defendants for the construction of a new schoolhouse, chapel, and parochial residence for the new parish of St. Francis, in the city of Detroit. That part of the contract which determines the capacity in which the defendants

executed it, namely, whether as agents merely or as principals, is as follows:

"Agreement for building, made this 16th day of June, 1890, in the city of Detroit, Wayne county, State of Michigan, by and between the trustees and building committee of St. Francis' R. C. Church, Joseph Malicki, president, Frank Lark, secretary, Joseph Bilski, Leon Zwiernikowski, Robert Stubbe, members, all of the city of Detroit, by authority of the Right Rev. John S. Foley, bishop of the diocese of Detroit, parties of the first part, and the mason, Martin Landyskowski, of the same place, party of the second part, as follows."

The contract further provides that—

"The parties of the first part herewith promise and agree, for themselves, their heirs, executors, and administrators, to pay the said party of the second part, his heirs, executors, and administrators," etc.

The plaintiff erected the schoolhouse and chapel, for which he was paid. He had drawn some material for the erection of the parochial residence. A dispute arose among the church authorities, and the defendants appear to have been deposed from their authority as trustees. While the record is not very satisfactory, we think a fair conclusion is that a second committee had assumed to act. Plaintiff was prevented from carrying out his contract, and instructed to draw his material away, which he did. He instituted this suit to recover damages for breach of contract, for which he recovered a verdict and judgment for $662.30. Upon the trial the court held that Bishop Foley was not a party to the contract, and could not be held liable, although the title to the land upon which the buildings were to be erected was in him. Plaintiff thereupon discontinued the suit against Bishop Foley, and proceeded against the other defendants.

*Peter E. Park,* for appellants.

GRANT, J. (*after stating the facts*). 1. It is contended on behalf of the defendants that they were simply

agents, acting for Bishop Foley, their principal, and therefore they cannot be held liable. We are not favored with any brief on the part of the appellee, but infer that his position is that the contract was a personal one with the defendants, and that there was no intention to bind others than themselves. We think it clear that the defendants made themselves personally liable upon this contract. We are not concerned with the reasons for not making the bishop a party to the contract. The contract describes the defendants as personally bound. It also makes it binding upon their heirs, executors, and administrators. They sign it as individuals, except that one adds to his signature the title "president" and another the title "secretary." Agents may bind themselves by their contracts, notwithstanding it be known to both parties it is not for their benefit directly, but is for the benefit of another. Having done so, they cannot evade their clearly-expressed liability under the contract by showing that they were agents. The defendants assumed control of the church property and of the contracts for building. Plaintiff dealt with them as principals. It was their duty to see that he had the opportunity to perform. Plaintiff made every effort to perform, and, after he was prevented, to obtain redress. They are not in position to assert that other church authorities interfered, and therefore they are not liable. It is a fair inference that the very purpose of making the contract with them as individuals rather than as a church corporation was to avoid just such disputes. We think the case was properly submitted to the jury.

2. It is insisted that, as to two of the defendants, a trial was had without any notice to them. This was brought to the attention of the court, after judgment, by affidavits, and a motion to set aside the judgment, which motion was denied. It appears from this record that Keena & Lightner, two prominent and reputable attorneys, appeared for all the defendants, and pleaded the general issue. Subsequently two of the defendants appeared

by other attorneys, and pleaded the general issue.    There was no order of substitution.    Under these circumstances, service of notice of trial upon Keena & Lightner was sufficient.

The judgment is affirmed.

The other Justices concurred.