ing. So far as that proceeding was concerned, it was Fieroe's money (People v. Laidlaw, 102 N. Y. 582, 7 N. E. 910),.but it did not make it her money for any other purpose. Title to property can only be acquired by consent of the owner or by operation of law. Her creditors could not, by reason thereof, deprive the actual owner of it. The money in fact belongs to Smalley, and the court should, upon the facts presented, have granted his application, by directing the chamberlain to pay it to him. It is his money, and he is entitled to it. He, however, is apparently satisfied with the order, inasmuch as he has not appealed from it. The relator has no interest in it, and, that being so, certainly was not injured by the order made.

The order appealed from, therefore, must be affirmed, with $10 costs and disbursements. All concur.

---

(75 App. Div. 441.)

## In re MOLLNER.

(Supreme Court, Appellate Division, First Department. November 7, 1902.)

1. BANKRUPTCY—SCHEDULE OF DEBTS—RESIDENCE OF CREDITOR—STATEMENT—
    DISCHARGE—JUDGMENT—SATISFACTION.

    Bankr. Act, § 7, requires the bankrupt to file in court a list of his creditors, showing their residence, if known, and, if unknown, to state the fact; section 17 provides that a discharge in bankruptcy shall release the bankrupt from all provable debts, except such as have not been duly scheduled, etc.; and Code Civ. Proc. § 1268, declares that if a bankrupt has been discharged from a judgment, or the debt on which it was recovered, an order must be entered canceling the judgment. *Held*, that where a bankrupt recited in his list of creditors that the residence of a judgment creditor was not known, and the only proof, in a proceeding to set aside the judgment after discharge, that the debtor knew the creditor's residence, was that he called at the creditor's house nearly three years before the petition in bankruptcy was filed, such evidence was not sufficient to show fraud in listing the creditor's claim to justify a refusal to set aside the judgment.

    Laughlin, J., dissenting.

Appeal from special term, New York county.

Application by Samuel Mollner to cancel a judgment after petitioner's discharge in bankruptcy. From an order denying the application, petitioner appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

G. C. Peters, for appellant.
O. W. Ehrhorn, for respondent.

PATTERSON, J. On the 20th of February, 1901, the appellant was discharged by a decree in bankruptcy from all debts and claims which were provable against his estate and existed on the 5th day of January, 1901. A year having elapsed from the date of his discharge, he made an application, under section 1268 of the Code of Civil Procedure of the State of New York, for an order directing that a judgment which had been recovered against him by one John A. Moore be canceled and discharged of record. That judgment was. docketed in the office of the clerk of the county of New York on.

the 11th day of May, 1900, and there can be no doubt that the judgment and the debt upon which it was founded were provable in bankruptcy, and that the appellant was discharged therefrom, unless for some reason the judgment and the debt were excepted from the operation of the discharge. The application to cancel the judgment was resisted by Moore, the judgment creditor, and was denied at the special term, and from the order entered upon such denial this appeal is taken.

It is contended that the discharge was ineffectual to release the appellant from his indebtedness to Moore, for the reason that such indebtedness was not duly or properly scheduled in the bankruptcy proceeding. Section 17 of the bankruptcy law provides, in effect, among other things, that a discharge in bankruptcy shall release a bankrupt from all provable debts, except such as "have not been duly scheduled in time for proof and allowance, with the name of the creditor, if known to the bankrupt, unless such creditor had notice or actual knowledge of the proceedings in bankruptcy." Section 7 of the bankruptcy law provides, among other things, that it shall be the duty of the bankrupt to prepare, make oath to, and file in court a list of his creditors, showing their residences, if known; if unknown, that fact to be stated. In the schedule filed by Mollner in his bankruptcy proceeding, John A. Moore, the judgment creditor, is named as a creditor, but it is stated that his address was unknown. The allegation of Moore is that that statement was "not true or correct in fact," and that therefore the judgment debt was not properly scheduled, as required by the bankruptcy law, with the name and known address of the judgment creditor. It is nowhere directly alleged by Moore, nor is there any proof to show, that the statement that his address was unknown to Mollner was fraudulently inserted in the petition or schedule in bankruptcy. It is doubtful, under such circumstances, whether the discharge can be attacked collaterally in this proceeding. Section 1268 of the Code of Civil Procedure provides that if it appears upon the hearing that the bankrupt has been discharged from the payment of the judgment, or the debt upon which it was recovered, an order must be entered canceling the judgment. But if we assume that fraud in procuring the discharge would be a good ground for denying an application such as the present, there is no proof in this case that such fraud was practiced by the bankrupt. At the utmost, all that is shown by the respondent here is that in August or September, 1898, the bankrupt called on the respondent at the latter's house, No. 310 West Seventy-Eighth street, in the city of New York. Mollner knew, then, in August or September, 1898, where the respondent, Moore, lived; but nothing whatever appears in the papers to indicate that he had any knowledge of Moore's whereabouts or residence after September, 1898. Mollner's petition in bankruptcy was filed on the 5th of January, 1901. There is nothing whatever in the papers to show that at the time the petition was filed he knew that Moore still lived at the address in West Seventy-Eighth street. There is nothing that would impute to him knowledge that Moore still resided at that place, unless Mollner is to be bound by a presumption that, if his creditor at

the time the indebtedness was incurred lived at a certain place, he still continued to reside there. The bankruptcy law does not require that the schedule shall state the last known place of residence of a creditor. We think the evidence was entirely insufficient to show that there was fraud, either by way of assertion or concealment, in Mollner inserting in his schedule that the residence of Moore was unknown.

The order appealed from should therefore be reversed, with costs, and the motion to cancel the judgment granted, with costs.

INGRAHAM and HATCH, JJ., concur. VAN BRUNT, P. J., concurs in result. LAUGHLIN, J., dissents on the ground that scheduling this creditor as unknown was fraudulent, and that the judgment debtor is not entitled to discharge.