### LENT v. FARNSWORTH.

(Supreme Court, Appellate Division, Fourth Department. May 3, 1904.)

1. BANKRUPTCY—NOTICE TO CREDITORS—SUFFICIENCY OF NOTICE—CANCELLATION OF JUDGMENT.

Code Civ. Proc. § 1268, provides that at any time after one year after the discharge of a bankrupt he may apply to the court in which a judgment was rendered against him for a cancellation thereof. Bankr. Act, July 1, 1898, c. 541, § 1, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3418], provides that the word "creditor," as used in the act, shall include any one who owns a demand or claim provable in bankruptcy. By section 7 (30 Stat. 548 [U. S. Comp. St. 1901, p. 3424]) the bankrupt is required to file a schedule containing a list of his creditors, showing their residences, if known, and, if unknown, that fact is to be stated. By section 58 (30 Stat. 561 [U. S. Comp. St. 1901, p. 3444]) creditors are to have notice by mail to their addresses as they appears in the list of creditors, and section 17 (30 Stat. 550 [U. S. Comp. St. 1901, p. 3428]) provides that the discharge shall release a bankrupt from all provable debts, except such as have not been duly scheduled in time for proof and allowance with the name of the creditor, if known, unless the creditor had notice or actual knowledge of the proceeding. Prior to a discharge in bankruptcy, one who had a judgment against the bankrupt died testate, making her executrix sole legatee. The schedule of debts filed by the bankrupt included that of the judgment creditor, giving her supposed address, and notices were properly mailed to the residence given, but up to the time of the discharge the will was not admitted to probate, and there was no property for distribution among the creditors. *Held* that, under the circumstances, the notice given was adequate, and a motion for cancellation of the judgment should have been granted.

McLennan, P. J., and Stover, J., dissenting.

Appeal from Trial Term.

Action by Adelaide V. Lent against William H. Farnsworth. There was judgment in favor of plaintiff, and defendant moved for a cancellation of the judgment, under Code Civ. Proc. § 1268, owing to his discharge in bankruptcy. From an order denying the motion, defendant appeals. Reversed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

Nathaniel W. Norton, for appellant.
Alfred W. Gray, for respondent.

SPRING, J. On the 4th day of March, 1899, defendant was adjudged a bankrupt, and on the 9th day of May following was granted a discharge from his debts. On the 28th day of May, 1898, the plaintiff in this action recovered a judgment against the defendant. She died in November following, leaving a last will and testament, in which she named her mother, Sarah J. Lent, sole executrix, but the will had not been admitted to probate in September, 1903, although a proceeding therefor was then pending in the surrogate's court. The motion was made by the defendant after the lapse of a year since the discharge from his debts for an order directing the clerk to cancel and discharge said judgment of record in compliance with section 1268 of the Code of Civil Procedure, which was denied.

In the schedule of creditors contained in the petition for his discharge as a bankrupt the name of the owner of the judgment was given as Adelaide V. Lent, and her residence Niagara Falls, N. Y. The notices required by the national bankruptcy law were mailed in due time to Adelaide V. Lent at the residence stated, which was her place of residence at the time of her death, and the publication of the notice to creditors was duly made, and the proceedings were regular, and in conformity to the requirements of the bankruptcy law, if the notices to Adelaide V. Lent were sufficient. As already noted, she had died in November preceding the discharge in bankruptcy. Was the mailing of the notices addressed to her a compliance with the law? A brief reference to the pertinent sections of the national bankruptcy law may not be amiss. Section 1, in construing the words and phrases used in the act, reads: "(9) 'Creditor' shall include anyone who owns a demand or claim provable in bankruptcy." Act July 1, 1898, c. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3419]. By section 7 (30 Stat. 548 [U. S. Comp. St. 1901, p. 3424]) the bankrupt is required to prepare and file a schedule of his property containing "a list of his creditors, showing their residences, if known, if unknown, that fact to be stated, the amounts due each of them, the consideration thereof, the security held by them, if any." By section 58 (30 Stat. 561 [U. S. Comp. St. 1901, p. 3444]) "creditors shall have at least ten days' notice by mail to their respective addresses as they appear in the list of creditors of the bankrupt" of the various steps in the proceeding enumerated in this section, and "notice to creditors of the first meeting shall be published at least once." Section 58, subd. 6. It is provided by section 17 (30 Stat. 550 [U. S. Comp. St. 1901, p. 3428]) "a discharge in bank-

ruptcy shall release a bankrupt from all of his provable debts except such as * * * (3) have not been duly scheduled in time for proof and allowance with the name of the creditor if known to the bankrupt unless such creditor had notice or actual knowledge of the proceedings in bankruptcy." It is apparent, therefore, that the creditors, if known, must be notified of the several measures in the proceeding. It is, however, significant that, if the creditor had actual knowledge of the proceedings, or his name was not known to the bankrupt, and so set forth in the schedules, the discharge is still effective. In the present instance there was in fact no creditor, "no one who owns a demand or claim provable in bankruptcy," and no one entitled to represent the judgment creditor. Sarah J. Lent was the executrix, and also the sole legatee and devisee, of the deceased. She was not a creditor, and did not stand in her shoes until the will was proved, and no effort to prove that was made until four years or more after the discharge of the defendant. Notice was mailed to Adelaide V. Lent, and at her known place of residence, and that was also the residence of her mother, but in the affidavit of the latter it is stated she never received the notice, and had no actual knowledge of the proceeding. If notice had been mailed to Sarah J. Lent, it would not have been a compliance with the bankruptcy law, because she was not a creditor. The referee did the best of which the case admitted when he caused the notice to be mailed to the last residence of the judgment creditor.

Two facts are important. There is no claim of fraud; no pretense that the defendant was seeking to evade the giving of the notice. The notice in fact was not mailed by him, but under the direction of the referee in bankruptcy, and in compliance with an order of the United States District Court which had charge of the proceeding. The evidence shows without dispute that the bankrupt had no assets to distribute, and consequently no injury has resulted to Mrs. Lent or to any one from the omission to receive the notice. Had the defendant stated in his schedule that the residence of the judgment creditor was unknown to him, without question his discharge could not be successfully assailed. If the judgment creditor had died during the pendency of the proceeding, and before the last notice was mailed, and the officer in good faith mailed the notice to the same address as those preceding, it does not seem possible that the discharge years later could be rendered inoperative by reason of the fact that the judgment creditor was dead when that notice was served. The executrix could easily have blocked the granting of the discharge if any other rule than the one adopted is to prevail. She is the sole beneficiary, as well as executrix. If there were no creditors to interfere, she could delay the probate of the will indefinitely, and no proper service could be made until she was legally authorized to represent the judgment creditor. The proceeding is distinctively one in rem, and is not abated by the death of the bankrupt during its pendency. Section 8 (30 Stat. 549 [U. S. Comp. St. 1901, p. 3425]). It is not alone for the benefit of the bankrupt, but to secure an equitable distribution of his assets among his creditors. Jurisdiction is acquired by the filing of his petition and schedules and the production for distribution of the property of the petitioner.

Again, it is to be remembered that the application is not made to open the decree in the proceeding itself. If there was any fraud or wrongdoing charged, or any injustice perpetrated, the court granting the decree could.set it aside at the instancce of the party wronged. This order, however, although on the defensive, in effect is a collateral attack on the judgment of that court. It is also true that, upon facts being presented in opposition to this motion that the petitioner was guilty of any fraud or evasion, or had attempted to conceal any essential facts from the court, or that the plaintiff in the action or her representative has sustained any actual loss by reason of this omission, an entirely different question would be presented. In this instance the opposition is based wholly upon the naked fact that the notice served was inadequate. In Wheeler v. Emmeluth, 58 Hun, 369, 12 N. Y. Supp. 58, affirmed 125 N. Y. 250, 27 N. E. 408, Emmeluth had been discharged from his debts as an insolvent debtor. In the list of creditors the name of Thomas Wheeler appeared, whereas it should have been Obed Wheeler, as administrator of Thomas Wheeler. A motion was made for the cancellation of certain judgments recovered by Thomas Wheeler against the insolvent before his discharge. The same objection was interposed as in the present case. The motion was granted, and the order affirmed. The court say:

"There is no reason shown to suppose that at the time of making the application the petitioner was aware of the death of his creditor, which was then recent. Not every omission or error will make insolvent proceedings void. If honestly prosecuted, the inclination and duty of the court will be to disregard errors that have not caused injury."

See Matter of Mollner, 75 App. Div. 441, 78 N. Y. Supp. 281.

Nor does Columbia Bank v. Birkett, 174 N. Y. 112, 66 N. E. 652, militate against this position. In that case the claim had been transferred to the plaintiff before the commencement of the bankruptcy proceedings. The bankrupt had actual knowledge of the fact that the plaintiff was then the owner and holder of the same. The creditor had no notice or knowledge of the proceedings, and no attempt whatever was made to serve any notice upon it. It was a palpable evasion of the requirements of the act, and the court in its opinion held substantial rights of the plaintiff were affected by the action taken. The order should be reversed, with' $10 costs and disbursements, and the motion granted.

Order reversed, with $10 costs and disbursements, and motion granted. All concur, except McLENNAN, P. J., and STOVER, J., who dissent.