(53 Misc. Rep. 53.)

## MUELLER v. GOERLITZ.

(Supreme Court, Trial Term, New York County.   February, 1907.)

BANKRUPTCY—DISCHARGE—SUFFICIENCY OF SCHEDULE.

> Where a bankrupt, having no knowledge that a mortgage given by him had been assigned, scheduled the original mortgagee as his creditor, his discharge in bankruptcy, under Bankr. Act July 1, 1898, c. 541, § 17, 30 Stat. 550 [U. S. Comp. St. 1901, p. 3428], is a defense to an action on the bond, though the assignment was recorded.

Action by Charles F. Mueller, executor of Augusta Mueller, against Philip Goerlitz. Judgment for defendant.

T. Sattler, for plaintiff.

Hays & Hershfield, for defendant.

GREENBAUM, J.  This is a common-law action on a bond.  The conceded facts are that defendant executed his bond and a collateral mortgage on his real property, which were thereafter assigned by the mortgagee to plaintiff's testatrix; that the assignment of mortgage was duly recorded in the office of the register prior to defendant's discharge in bankruptcy; that defendant had no actual notice of the assignment; and that the original mortgagee alone was described in the defendant's schedules in bankruptcy as the creditor whose indebtedness was evidenced by the bond in suit.  Whether the discharge in bankruptcy is a good defense is the question presented.

Plaintiff contends that the omission of the name of his testatrix as creditor in the bankruptcy schedules overcomes the effect of the discharge, urging that the record of the assignment of the mortgage was constructive notice to defendant of her ownership of the bond.  The recording acts have reference only to conveyances of realty and include, in the definition of the term "conveyance," "every written instrument by which any estate or interest in real property is created, transferred, mortgaged or assigned," etc.  Real Property Law, Laws 1896, p. 607, c. 547, § 240.  The same act provides that every such conveyance not recorded "is void as against any subsequent purchaser in good faith and for a valuable consideration from the same vendor, his heirs or devisees, of the same real property or any portion thereof, whose conveyance is first duly recorded."  Section 241.  "The object of the recording acts is to prevent fraud, to prevent the person having title to land from selling it more than once."  Jackson v. Post, 15 Wend. 588, 594.  The recording of a conveyance of the character defined in the act has relation merely to the realty and operates as notice to all subsequent bona fide purchasers for value of the same property.  McPherson v. Rollins, 107 N. Y. 316, 322, 14 N. E. 411, 1 Am. St. Rep. 826; Tarbell v. West, 86 N. Y. 282, 288.  A mortgagor is not chargeable with notice of the recording of an assignment of a mortgage. Ely v. Scofield, 35 Barb. 335.  It is "only constructive notice to subsequent purchasers or assignees of or from the mortgagee, or the original assignor."  Reed v. Marble, 10 Paige, 413.

Section 271 of the real property law expressly declares, what before the enactment had been recognized by the decisions, that "the recording

of an assignment of a mortgage is not in itself notice of such assignment to a mortgagor, his heirs, or personal representatives, so as to invalidate a payment made by either of them to the mortgagee. James v. Morey, 2 Cow. 288, 14 Am. Dec. 475; Brewster v. Carnes, 103 N. Y. 561, 9 N. E. 323. The bond in suit is not an instrument that creates, transfers, mortgages, or assigns an estate or interest in real property. It was not recorded, as it clearly was unnecessary either to record it or the assignment thereof for any purpose. The mortgage upon the realty given as collateral to the bond alone fell within the recording acts. It is thus evident that not only is the record of the assignment of a mortgage not constructive notice to the mortgagor, but that the assignment of the bond which is the original obligation and which has no relation to the realty is not the subject of record. I know of no provision of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3418]) which imposes a duty upon the bankrupt, before scheduling his liabilities, to search any records for the purpose of ascertaining whether his creditors have assigned or otherwise disposed of their claims. It requires the name of the creditor to be stated, "if known." Section 17 provides that a discharge releases the bankrupt from all of his provable debts, except such as "(3) have not been duly scheduled in time for proof and allowance, with the name of the creditor, if known to the bankrupt. * * *"

Actual notice of the creditor's name is the test. In construing this section of the act it has been held that, where a bankrupt has actual knowledge that his creditor has transferred his debt, it must be scheduled in the name of the transferee, and not in the name of the original creditor. Columbia Bank v. Birkett, 174 N. Y. 112, 116, 66 N. E. 652, 102 Am. St. Rep. 478; affirmed, 195 U. S. 345, 25 Sup. Ct. 38, 49 L. Ed. 231. Where the debt was scheduled in the name of a creditor who was dead, and whose death was unknown to the bankrupt, it was held to be a sufficient compliance with the bankruptcy act. Lent v. Farnsworth, 94 App. Div. 99, 87 N. Y. Supp. 1112; affirmed, 180 N. Y. 503, 72 N. E. 1144. If an assignee of a nonnegotiable chose in action wishes to protect himself against payment to the original creditor, it is his duty to give notice to the debtor of the assignment; and the burden of establishing the fact of notice is on the assignee in an action to recover on the assigned claim. Heermans v. Ellsworth, 64 N. Y. 159, 161; Stoddard v. Gailor, 90 N. Y. 575, 579; Wangner v. Grimm, 169 N. Y. 421, 428, 62 N. E. 569.

Judgment for defendant, with costs.