[No. 20192.  Department One.  March 24, 1927.]

CARRIE D. RANKIN, *as Executrix of the Estate of W. A. Rankin, Deceased, Appellant,* v. CHARLES J. E. BLANC *et al., Respondents.*[1]

[1] BANKRUPTCY (12)—DISCHARGE—CONCLUSIVENESS AND EFFECT. A discharge in bankruptcy relieves the debtor from any further liability where the indebtedness on a note was properly scheduled in bankruptcy proceedings, giving the correct amount, name of the payee and of the first subsequent holder, and the court having found that the debtor had no knowledge of any other person having an interest in the note.

Appeal from a judgment of the superior court for King county, Moriarty, J., entered March 19, 1926, upon findings in favor of the defendants, in an action on contract, tried to the court. Affirmed.

*Hastings & Stedman,* for appellant.

*Wright, Froude, Allen & Hilen,* for respondents.

FRENCH, J.—Plaintiff brought action on a promissory note made and executed by the defendants, payable to one Richard Moench, endorsed by Alex Silver, and sold to W. A. Rankin. The defendant pleaded failure of consideration and discharge in bankruptcy.

The evidence shows about the following state of facts: That the note in question was executed some time prior to 1921, and was one of a series of notes given in payment of the cost of an ice machine. All of the other notes involved were paid, payment being made through a bank in Seattle. Respondent initiated bankruptcy proceedings and scheduled the indebtedness shown by the note in question, listing it as due Moench and Silver. The trial court found that the notice of the transfer and assignment of the note to

¹Reported in 254 Pac. 254.

the appellant was not given to the respondent until after March 20, 1922, while the discharge in bankruptcy occurred in 1921. An examination of the testimony shows that the evidence is conflicting on this point, but we can not say that it preponderates against the finding of the trial court. The rule is too well settled in this state to require the citation of any authority that, under such circumstances, the findings of the trial court will be sustained.

The evidence being practically undisputed that the indebtedness was properly scheduled in the bankruptcy proceedings, giving the correct amount, the name of the payee and the first subsequent holder of the note, and the court having found that the respondent had no knowledge of any other person having any interest in the note, the discharge in bankruptcy relieved respondents from any further liability thereon.

Numerous other questions are discussed by both appellant and respondents, but our conclusion on this branch of the case obviates the necessity of any discussion of those matters.

We conclude that the judgment of the lower court was right. It is therefore affirmed.

MACKINTOSH, C. J., MAIN, MITCHELL, and FULLERTON, JJ., concur.