**BYRNE v. TAYLOR.**

No. 1619—6037.

Commission of Appeals of Texas, Section A.

March 15, 1933.

R. G. Storey and Thomas, Storey & Grady, all of Dallas, for plaintiff in error.

Renfro, Ledbetter & McCombs, of Dallas, for defendant in error.

HARVEY, Presiding Judge.

This suit was brought by Frank F. Taylor against Oran Terry Thompson, H. E. Byrne, and others on a promissory note held by Taylor for the use and benefit of the Continental-Illinois Bank & Trust Company of Chicago, for the principal sum of $9,400, and to fore-close a mortgage lien on a certain tract of land in Johnson county. The note was executed January 1, 1920, by Thompson to the Federal Mortgage Company of Dallas, Tex., and was made payable February 1, 1930; and attached to the $9,400 note were several interest notes executed by Thompson to the Federal Mortgage Company to cover the annual installments of interest on the main note. These interest notes were negotiable in form, and as above indicated, were payable successively on February 1st, at yearly intervals. On March 18, 1920, the Federal Mortgage Company transferred the main note and the interest notes, by indorsement in blank, to the Merchants' Trust Company, and also executed an instrument transferring to the latter company the notes and the mortgage lien. The Merchants' Trust Company, by subsequent mergers, became known successively as the Illinois Merchants' Trust Company of Chicago, and Continental Illinois Bank & Trust Company of Chicago; but for the sake of convenience the institution will be hereinafter designated by its original name, Merchants' Trust Company. The above-mentioned instrument by which the Federal Trust Company transferred said notes and lien to the Merchants' Trust Company was promptly put of record in Johnson county. On April 11, 1921, Byrne bought the land from Thompson, and assumed payment of the notes which Thompson had executed to the Federal Mortgage Company. Later Byrne sold the land to others who are parties to this suit. The case was tried without a jury, and the trial court gave judgment in favor of Taylor against Thompson for the amount sued for, and against all defendants for the foreclosure of the mortgage lien. Enforcement of personal liability for the debt, on the part of Byrne, was denied. The Court of Civil Appeals reversed the judgment in the last-named respect and rendered judgment for Taylor. This action of the Court of Civil Appeals is duly before us for review.

The single question in the case is whether or not Byrne has been released from the note sued on, by his discharge in bankruptcy. The material facts respecting this, so far as need be stated, are substantially as follows:

On July 31, 1925, Byrne filed a voluntary petition in bankruptcy, and was, on that date, duly adjudged a bankrupt; and on February 6, 1926, obtained his discharge in bankruptcy. He listed, among other liabilities, the $9,400 note here involved. Same was listed as follows: "Federal Mortgage Company note secured by Johnson County farm, interest from February 1, 1925, $9400.00." The name of the Merchants' Trust Company was not listed at all, and said company at no time, during the pendency of the bankruptcy proceeding, had any knowledge, or notice of any character, of said proceeding. Byrne had no notice or

knowledge of the fact that the Federal Mortgage Company had transferred the $9,400 note, or that the Merchants' Trust Company held said note, except such notice or knowledge as may be chargeable against him by reason of the following facts and circumstances, namely:

Prior to the filing of his petition in bankruptcy, Byrne had paid as they fell due, respectively, several of the interest notes. He paid at least one of said notes after the filing of his petition in bankruptcy. Each one of these interest notes was paid by him to the Federal Mortgage Company to whom same had been sent by the Merchants' Trust Company for collection. Each of said notes, when paid by Byrne, bore the following indorsements: "Pay to the order of ———, without recourse," signed "Federal Mortgage Company by Fred Locher, Treasurer." "Pay Federal Mortgage Company, Dallas, Texas, or order, for collection only," signed "Illinois-Merchants Trust Company of Chicago, F. E. Loomis, Cashier." Byrne admitted that he acquired knowledge of these indorsements on each note, as each of said notes was paid by him, or at least soon after same was paid.

Section 35, chapter 3, of the Bankruptcy Law, title 11 USCA, provides in part as follows: "A discharge in bankruptcy shall release a bankrupt from all of his provable debts, except such as * * * (third) have not been duly scheduled in time for proof and allowance, with the name of the creditor, if known to the bankrupt, unless such creditor had notice or actual knowledge of the proceedings in bankruptcy."

■ The question in the case is whether or not, in view of the undisputed fact that the Merchants' Trust Company had no notice or knowledge of said bankruptcy proceedings, and that Byrne failed to list said company as the creditor to whom the debt for $9,400 was due, prevented the discharge of Byrne in bankruptcy from effecting his release from the debt, under the provisions of the above statute. A solution of this question depends on whether or not the fact that Byrne, at the time the bankruptcy proceedings were begun, and while they were pending, knew of the indorsements which appeared on each of the interest notes which he had paid, establishes as a matter of law that, within the meaning of the above statute, he knew that the Merchants' Trust Company held the $9,400 note here sued on. We have concluded that this question should be resolved in the negative. The interest notes were themselves in the form of negotiable instruments, and were capable of being negotiated as such, separately

from the main note for $9,400. 9 C. J. p. 49. Such of them as were paid by Byrne were, at the time he paid them, detached from the main note, and the indorsements thereon indicated that they had been transferred by the Federal Mortgage Company. There was nothing on any of said interest notes, and nothing appeared in connection therewith, which was sufficient to bring home knowledge to Byrne that the $9,400 note had been transferred by the payee, the Federal Mortgage Company. To say that because Byrne learned, when he paid the interest notes, that the latter notes belonged to the Merchants' Trust Company, he became chargeable with knowledge that the $9,400 note belonged to that company, would be equivalent to saying that the term "if known to the bankrupt," as used in the above statute, means that where the payor of a series of negotiable notes acquires knowledge that one or more of the series are held by an indorsee, said payor thereby becomes chargeable with knowledge that said indorsee holds, also, the rest of the series. The terms of the statute were never intended to bear such a comprehensive meaning. The circumstance that one or more of the series is held by an indorsee is perfectly consistent, in law and in fact, with the ownership of the rest of the series remaining in the payee. In our judgment, the circumstance mentioned cannot be said, as a matter of law, to be sufficient to excite inquiry in respect of the transfer of the rest of the series by the payee, much less to charge the payor with knowledge in that respect.

■ The constructive notice of the transfer of the notes and mortgage lien, with which Byrne was charged, by virtue of the due recording of such transfer in the lien records of Johnson county, does not come within the meaning of the statute. The bankrupt is not "bound to search the records to ascertain if any assignment has been made. The duty of giving notice rests on the assignee." 7 Remington on Bankruptcy, § 3567.

From what has been said it follows that the ruling of the trial court to the effect that Byrne was released from the debt herein sued on, by his discharge in bankruptcy, is correct. We therefore recommend that the judgment of the Court of Civil Appeals be reversed, and that the judgment of the trial court be in all things affirmed.

CURETON, Chief Justice.

The judgment of the Court of Civil Appeals is reversed, and that of the district court is affirmed, as recommended by the Commission of Appeals.