JOSEPH A. BRODERICK, as Superintendent of Banks of the State of New York, Plaintiff, *v.* ROBERT ADAMSON and Others, Defendants, Impleaded with RUPERT W. K. ANDERSON and Others, Formerly Doing Business Together with EDWARD C. DEVERENNES, under the Name and Style of DIXON & Co., Respondents, and BENJAMIN A. LEVINSON, Appellant.*

First Department, February 2, 1934.

*Isidor E. Schlesinger* of counsel [*Leon Singer* with him on the brief; *Schlesinger & Krinsky*, attorneys], for the appellant.

*A. Hayne de Yampert* of counsel [*White & Case*, attorneys], for the respondents.

UNTERMYER, J. The action was brought by the Superintendent of Banks under section 80 of the Banking Law against the members of the partnership of Dixon & Co. to recover assessments upon 850 shares of stock of the Bank of United States registered in the name of Dixon & Co. The defendants comprising the partnership of Dixon & Co. interposed a cross-complaint in the action, in which it was alleged that, of these 850 shares, 450 shares, though registered in the name of Dixon & Co., were owned by the impleaded defendants Benjamin A. Levinson, Louis A. Levinson and Samuel N. Levinson, doing business as Levinson Bros. The cross-complaint

---

* Revg. 148 Misc. 353, 366.

accordingly demanded judgment against the members of Levinson Bros. for the amount of any judgment that might be recovered against Dixon & Co. by the Superintendent of Banks. To this cross-complaint the defendant Benjamin A. Levinson interposed an answer alleging, as an affirmative defense, that on January 28, 1932, he had filed a petition to be adjudged a bankrupt and that he was duly discharged in bankruptcy on June 17, 1932.

Upon the trial it appeared without dispute that in May, 1930, Levinson Bros. had pledged these 450 shares of stock, then standing in their names, with the Chatham-Phenix National Bank and Trust Company as security for an indebtedness to that bank. The Chatham-Phenix Bank then caused the shares to be transferred into the name of Dixon & Co., a copartnership organized solely for its convenience to act as nominee in holding securities deposited with the bank for the account of customers. The court found that the transfer of these 450 shares of stock from the name of Levinson Bros. into the name of Dixon & Co. was without the knowledge of the defendant Benjamin A. Levinson or the copartnership of Levinson Bros. On December 11, 1930, the Superintendent of Banks took possession of the business and property of the Bank of United States and in July, 1932, having determined that the Bank of United States was insolvent, he made demand upon all its stockholders for the payment of an assessment of twenty-five dollars upon each share of stock. In the meantime, however, on January 28, 1932, Benjamin A. Levinson had filed a petition in bankruptcy upon which he was discharged on June 17, 1932. In the schedules filed in those proceedings the Chatham-Phenix Bank was listed as a creditor holding securities of the bankrupt as collateral. The Superintendent of Banks was also listed as a creditor. Dixon & Co. was not listed, because neither Benjamin A. Levinson nor the firm of Levinson Bros. was aware that the Chatham-Phenix Bank had transferred these 450 shares into the name of Dixon & Co. The trial court having awarded judgment in favor of the Superintendent of Banks against the members of Dixon & Co., also gave judgment in their favor against the members of Levinson Bros. From that judgment Benjamin A. Levinson appeals upon the ground that his liability to the firm of Dixon & Co. was discharged in bankruptcy.

It is first necessary to consider the contention that the claim was not discharged because Dixon & Co. was not named as a creditor in the bankruptcy proceedings. As to this, section 17 of the Bankruptcy Act (U. S. Code, tit. 11, § 35) provides: "A discharge in bankruptcy shall release a bankrupt from all of his provable debts, except such as * * * (third) have not been duly

scheduled in time for proof and allowance, with the name of the creditor, if known to the bankrupt, unless such creditor had notice or actual knowledge of the proceedings in bankruptcy." In the bankruptcy proceedings Benjamin A. Levinson listed as creditors the Superintendent of Banks and the Chatham-Phenix Bank, these being the only parties who, so far as he could know, had any claim upon him on account of his interest in the stock. This constituted a full compliance with the statute. The Bankruptcy Act does not require the impossible, but provides for the listing of the names of creditors " if known to the bankrupt " and not otherwise. Failure to state the names of unknown creditors does not impair the efficacy of the discharge. (*Lansing Liquidation Corp.* v. *Heinze*, 184 App. Div. 129; *Ross-Lewin* v. *Goold*, 211 Ill. 384; *Mueller* v. *Goerlitz*, 53 Misc. 53.)

It thus becomes necessary to decide whether the claim of Dixon & Co. against Benjamin A. Levinson for indemnity arising from the fact that Levinson's stock was registered in the name of Dixon & Co. was provable in the bankruptcy proceedings, for unless provable it was not discharged. (Bankruptcy Act, § 17; U. S. Code, tit. 11, § 35.) Section 63 of the Bankruptcy Act (U. S. Code, tit. 11, § 103), so far as material here, provides: " (a) Debts of the bankrupt may be proved and allowed against his estate which are * * * (4) founded upon an open account, or upon a contract express or implied; * * * (b) Unliquidated claims against the bankrupt may, pursuant to application to the court, be liquidated in such manner as it shall direct, and may thereafter be proved and allowed against the estate." By section 1 of the Bankruptcy Act (U. S. Code, tit. 11, § 1) it is provided that " ' debt ' shall include any debt, demand, or claim provable in bankruptcy." From these provisions it is evident that the unliquidated nature of the claim of Dixon & Co. would not have prevented proof of it in bankruptcy. The only uncertainty as to the right to prove the claim arises from the fact that at that time it was not only unliquidated but contingent, because the duty to indemnify would not come into existence unless the Superintendent of Banks should recover judgment against Dixon & Co. as the registered holder of the stock. (*Richards* v. *Robin*, 175 App. Div. 296; affd., 225 N. Y. 719.)

But even though contingent, we think that such a claim was provable. The nature of the liability of the holder of bank stock for assessments was considered in *Van Tuyl* v. *Schwab* (174 App. Div. 665; affd., 220 N. Y. 661), and was held to be a contractual liability which accrued " not when the company or bank is ascertained to be insolvent, but when it incurs the indebtedness for which the statute renders the stockholder liable." Such a liability of a stockholder to the Superintendent of Banks, it was held, was

provable, and was, therefore, discharged by bankruptcy. (See, also, *Howarth* v. *Angle*, 162 N. Y. 179, at p. 187.) We think the obligation of the owner of stock to indemnify the registered holder against a liability of such a character, even though contingent, is likewise a provable claim. Claims equally contingent have been held to be provable. Thus, in *Williams* v. *U. S. Fidelity Co.* (236 U. S. 549), bankruptcy was held to discharge the obligation of a principal to indemnify his surety against loss upon their joint bond given to secure the performance of a building contract where the contract had been broken previous to the bankruptcy but no judgment recovered and no payment made by the surety upon the bond until thereafter. Similarly, in *Maynard* v. *Elliott* (283 U. S. 273), the liability of the bankrupt as indorser of a promissory note which had not matured at the time of bankruptcy was held to be a provable claim and consequently to be discharged. So here, the liability of Dixon & Co. to the Superintendent of Banks had accrued, and its enforcement was imminent, on January 28, 1932, when the petition in bankruptcy was filed. Within the decisions above referred to we think the claim of Dixon & Co., for indemnity against that liability, was provable in those proceedings, and consequently that it was discharged.

The judgment so far as appealed from should be reversed, with costs, and judgment directed in favor of the defendant Benjamin A. Levinson dismissing the cross-complaint upon the merits, with costs.

FINCH, P. J., MERRELL, TOWNLEY and GLENNON, JJ., concur.

Judgment so far as appealed from reversed, with costs to the appellant, and judgment directed in favor of the defendant Benjamin A. Levinson dismissing the cross-complaint upon the merits, with costs. The findings inconsistent with this determination should be reversed and such new findings made of facts proved upon the trial as are necessary to sustain the judgment hereby awarded. Settle order on notice.