### CLEVELAND v. SUMMERFIELD.

### 4-4765

Opinion delivered October 25, 1937.

728

· · E. Chas. Eichenbaum, for appellant.

House, Moses & Holmes and H. B. Solmson, Jr., for appellee.

HUMPHREYS, J. This proceeding originated in the chancery court of Pulaski county by the issuance of a writ of garnishment against appellee's employer, Summerfield Dairy Company, on April 30, 1934, on a deficiency judgment rendered against appellee in a mortgage foreclosure proceeding in said court wherein appellant and J. T. Hammond, Jr., trustee for W. B. Worthen Company, Agent, were plaintiffs and appellee and his wife et al., were defendants.

The foreclosure suit was instituted in September, 1932, on a trust deed executed by appellee and his wife in September, 1929, to J. T. Hammond, Jr., as trustee, in trust for W. B. Worthen Company, Agent, to secure two notes totaling $6,000 given for borrowed money. All the dealings of appellee with respect to this loan, notes and mortgage were with said bank and all interest payments he made were to the bank.

The note was purchased from the bank by appellant, but the bank continued to collect the interest until default was made in the payment of same. When the suit was instituted a summons was issued and duly served upon appellee and he handed the summons to his attorney. He made no defense to the action and a default judgment was rendered against him and the property was sold. In the meantime a receiver was appointed to take charge of the property. At the sale, appellant bought the property for $3,836.60, which was insufficient to pay the judgment, leaving a balance due thereon of $2,994.77. The commissioner deeded the property to him and after the receiver was discharged, on December 16, 1932, appellant took possession of the property and still owns it.

On January 6, 1933, appellee filed a voluntary petition in bankruptcy in the federal court at Little Rock. He filed a schedule of his creditors listing this particular judgment as follows:

"W. B. Worthen Company, Little Rock, Arkansas, judgment on real estate $6,000; W. B. Worthen Company, property at 1623 West Twenty-second Street, $6,000."

Notice was mailed out to W. B. Worthen Company notifying said W. B. Worthen Company that the said appellee had been duly adjudicated a bankrupt and that a meeting of creditors would be held for the purpose of considering the affairs of said bankrupt and electing a trustee.

The issue joined in the garnishment proceeding was heard by the trial court upon a stipulation of facts and the testimony of appellant and appellee.

Appellant testified that he was a resident of DeValls Bluff, Arkansas, and had resided there continuously since 1919; that he had purchased the Summerfield notes from W. B. Worthen Company; that, on the bank's failure to collect interest money, he had taken the matter out of the hands of the bank and terminated their agency; that he had himself filed a suit in foreclosure; that he never did take the matter up personally with appellee, except to file suit; that he had seen appellee before, had known him on the road as a traveling man; that Worthen Bank had not told him about the bankruptcy; that when the foreclosure suit was through with, he took charge of the rental of the property and has had charge thereof subsequently to such time; that he still owns the property and was getting $60 per month therefrom and that he could get $5,000 for the property, but that it was worth more than that; that he never mentioned to appellee that he owned the note.

Appellee testified that he had never known appellant to be in the deal at all; that he had never heard of appellant owning the notes until the garnishment proceeding was begun; that he had always done business with respect to this indebtedness with Worthen Bank;

that the bank had never informed him that Cleveland had purchased the notes and that he did not know that Cleveland was in the deal at all; that his dealings had been strictly with the Worthen Bank.

The trial resulted in dissolving the writ of garnishment at the cost of appellant, from which judgment is this appeal.

Appellant contends that the decree of the chancery court should be reversed because the undisputed evidence shows his deficiency judgment against appellee was not listed in appellee's schedule of debts although appellee had actual knowledge of its existence before his schedule was filed, and also that he, appellant, had no notice or actual knowledge of appellee's proceedings in bankruptcy. In support of this contention he calls our attention to clause three of § 35 of the bankruptcy act which is as follows:

"A discharge in bankruptcy shall release a bankrupt from all of his provable debts, except such as * * * have not been duly scheduled in time for proof and allowance with the name of the creditor, if known to the bankrupt, unless such creditor had notice or actual knowledge of the proceedings in bankruptcy * * *." 11 USCA, § 35.

It is true that appellant had no actual notice of appellee's bankruptcy proceedings, but it is, also, true that appellee had no actual knowledge of appellant's deficiency judgment against him. It is argued by appellant that the service of the summons in the foreclosure proceeding upon him was actual notice to him; that W. B. Worthen Company had assigned the notes for $6,000 to him and that he, appellant, was the owner thereof and that the service of the summons conveyed to him actual knowledge of all the proceedings in the foreclosure suit in which he recovered a deficiency judgment against appellee, at the time he filed his voluntary petition in bankruptcy. Had appellee read appellant's complaint in the foreclosure suit, or made answer thereto, or followed the proceedings therein to a conclusion, he would have gained all this information, but he did not do that. He ignored

the summons and allowed the judgment to go against him by default, and he testified that at the time he filed his petition in bankruptcy he did not know that the notes had been assigned by W. B. Worthen Company to appellant. The summons showed that two of the plaintiffs in that suit were two of the parties to whom he had executed the notes and mortgage. Appellee must have believed at the time he filed his petition in bankruptcy that W. B. Worthen Company secured the judgment against him in the foreclosure proceeding because in listing a schedule of his debts and creditors he listed this particular one in the following language:

"W. B. Worthen Company, Little Rock, Arkansas, judgment on real estate, $6,000; W. B. Worthen Company, property at 1623 West Twenty-second Street, $6,000."

The object, of course, in listing this judgment was to be discharged from the payment in the bankruptcy proceeding and had he actually known appellant was the owner thereof, every incentive on his part would have been to name appellant instead of the bank as owner of the debt and mortgage. This is a strong circumstance tending to corroborate his statement that he had no actual knowledge that appellant owned the judgment.

The bankruptcy act referred to above requires that the name of the creditor be named, if known to the bankrupt. It is said by Mr. Remington on Bankruptcy, Vol. 7, § 3567, that:

"A scheduling of the debt in the name of the original creditor is sufficient, where no notice was received by the bankrupt of an assignment of the claim. Nor is the bankrupt bound to search the records to ascertain if any assignment has been made. The duty of giving notice rests on the assignee."

We have read the cases cited by both appellant and appellee and they seem to be in harmony with this general rule. They hold, in substance, that in order for the bankrupt to obtain a discharge of a debt, he must schedule the debt and the name of his creditor if he knows who his creditor is; but, if he does not know who his

creditor is, in order to obtain the discharge, he must list the original creditor; and that having listed the original creditor, the burden falls upon the owner of the debt to show that at the time he listed the original creditor he had knowledge that the debt had been transferred or assigned to some third party. So the only test in all these cases seems to be whether the bankrupt knowingly failed to list an assignee or transferree of the debt.

In the instant case appellee listed the bank as the owner of the debt in his schedule believing, in good faith, that the bank was the owner of the deficiency judgment. The decree is, therefore, affirmed.

McHANEY, J., disqualified and not participating.