## LEVINE *v.* KATZ.

1. BANKRUPTCY—DISCHARGE—NOTICE.

A bankrupt is discharged from provable debts if they are properly scheduled, or, in the alternative, if the creditor had notice or actual knowledge of the bankruptcy proceedings (11 USCA, §§ 25, 35).

2. SAME—TRANSFER OF DEBT—SCHEDULE OF ORIGINAL CREDITOR—UNKNOWN CREDITORS.

A bankrupt who has no notice of any transfer of the indebtedness may schedule the claim in the name of the original creditor and failure to state the names of unknown creditors does not impair the efficacy of the discharge (11 USCA, §§ 25, 35).

3. SAME—UNKNOWN CREDITOR—OMISSION OF DESCRIPTIVE WORDS AS TO CREDITORS.

In action of assumpsit on bearer bond which had been secured by a trust mortgage given by defendant, latter's defense of discharge in bankruptcy *held,* a good defense where prior to the bankruptcy proceedings defendant had disposed of his interest in the property, did not know plaintiff was a bondholder, and scheduled the original mortgagee as creditor without describing it as a trustee, the omission of such descriptive term, although not commendable, being insufficient to render discharge ineffective as to creditor unknown to the bankrupt at time schedules were filed or discharge obtained (11 USCA, §§ 25, 35).

Appeal from Wayne; Lamb (Fred S.), J., presiding. Submitted April 12, 1940. (Docket No. 111, Calendar No. 40,613.) Decided June 3, 1940.

Assumpsit by Alex Levine against Saul Katz on a bond. Judgment for plaintiff. Defendant appeals. Reversed.

*Harris W. Wienner,* for plaintiff.

*Wm. Henry Gallagher (Abraham Satovsky,* of counsel), for defendant.

Butzel, J. This is a suit in assumpsit on a bond secured by a trust mortgage. The facts are before us by stipulation of counsel. Defendant executed a mortgage on property in the city of Detroit to the Guaranty Trust Company of Detroit, Michigan, as trustee, to secure an issue of bonds payable to the Guaranty Trust Company, Detroit, trustee, or bearer; or if the bond be registered, then to the registered owner. The agreements and conditions printed on the bond showed that it was sold and guaranteed against loss by the Guaranty Investment Company. On the back of the bond was an indorsement to the effect that it was a first mortgage real estate gold bond. The mortgage was to secure bearer bonds in the aggregate sum of $90,000, of which $80,000 consisted of a senior series and $10,000 a junior series. In 1928 plaintiff became holder of one of the bearer bonds of the junior series in the amount of $500. He has never received any payment of principal, and no interest has been paid since November 15, 1930; no demand has ever been made upon defendant. The bond matured on May 15, 1933. On or about January 4, 1927, defendant sold his interest in the mortgaged property and from that date on has had nothing to do with the property, the trustee, the bondholders, or any of the persons connected with the property.

The Detroit Trust Company was appointed receiver of the Guaranty Trust Company, and subsequently, on October 26, 1931, by order of a court of equity, the Union Guardian Trust Company of Detroit was appointed successor trustee to the Guaranty Trust Company with respect to the mortgage and bond issue here involved. The stipulation further states that defendant had no knowledge of the proceedings relating to the receivership or the appointment of a successor trustee until after

the institution of this suit in 1938, nor did he know until that time that plaintiff was the owner of a bond of this issue; he did know that the bonds were likely to be sold to the public, but there was no knowledge in fact that plaintiff's bond was sold. On March 23, 1932, the Union Guardian Trust Company, successor trustee, commenced foreclosure proceedings. Although defendant was named as a party to the proceedings, he was never served with process and he entered no appearance. The court decreed foreclosure and other relief, retaining jurisdiction to determine other matters not then adjudicated.

On or about April 20, 1934, an involuntary petition in bankruptcy was filed against defendant in the United States District Court for the Eastern District of Michigan, and a discharge was entered in September of the same year. Neither plaintiff nor any other bondholders were listed or scheduled as creditors, nor was any claim filed with respect to the mortgage, the bond issue, or any of the bonds. No dividend was paid to any creditor. However, in the schedule of creditors holding securities, a description of the mortgaged property is given showing that the approximate value of the security is $75,000; the debt was listed at $90,000. The creditor and description of securities, et cetera, relating to the instant bond issue, were scheduled as follows:

"Guaranty Trust Company, Detroit, Michigan, First Mortgage, dated 5–15–26, recorded L. 1724, p. 416, covering the W. 20 ft. of Lot 26, all of lots 27 and 28, E. 20 ft. of Lot. 29, Collins B. Hubbard Sub. of Out Lots 44, 45, 46, and the N. 67 35/100 ft. of Out Lot 43, and S. 168 20/100 ft. of Out Lot 47 of Labrosse Farm N. of Grand River avenue. Property located at Stanley avenue between Hamilton and Brooklyn, Detroit, Wayne county, Michigan."

Among the other secured creditors listed were the

Union Guardian Trust Company, and the Union Trust Company, trustee. In each instance, the description of the mortgage and the mortgaged property were given after the name of the creditor. General notices to creditors, including the successor trustee, were sent out. Upon the filing of the petition for discharge, an order for publication was entered directing all known creditors and other interested persons to appear and show cause why the prayer for discharge should not be granted. The clerk of the bankruptcy court sent by mail to all known creditors a notice of the petition and order.

To the declaration of the instant suit defendant pleaded the discharge in bankruptcy and other defenses. In reply, plaintiff pleaded that the bankruptcy proceedings were ineffective as to him. The trial court, sitting without a jury, ruled that plaintiff was right and judgment was entered for the amount of the bond and interest.

A bankrupt is discharged from provable debts if they are properly scheduled, or, in the alternative, if the creditor had notice or actual knowledge of the bankruptcy proceedings. *Wineman* v. *Fisher*, 135 Mich. 604; *Van Gilder* v. *Barnes*, 288 Mich. 492. 11 USCA, § 35, provides: "A discharge in bankruptcy shall release a bankrupt from all his provable debts, except such as * * * have not been duly scheduled in time for proof and allowance, with the name of the creditor, if known to the bankrupt, unless such creditor had notice or actual knowledge of the proceedings in bankruptcy." 11 USCA, § 25, makes it incumbent upon the bankrupt to prepare, make oath to, and file in court "a list of his creditors showing their residence, if known; if unknown, that fact is to be stated."

Plaintiff had no notice or knowledge of the proceedings in bankruptcy until the time this suit was

instituted. It is stipulated that defendant did not know until after this suit was brought that plaintiff was the owner of a bond of this issue. While defendant expected the bonds to be sold to the public, he had no actual knowledge of what became of these bearer bonds after they were executed. Plaintiff made no demand on defendant, although nearly 13 years had elapsed from the date of issue. It is generally held that if the bankrupt has no notice of any transfer of the indebtedness, he may schedule the claim in the name of the original creditor. 7 Remington on Bankruptcy (5th Ed.), § 3567, p. 836; *Byrne* v. *Taylor* (Tex. Com'n of App.), 58 S. W. (2d) 22; *Mueller* v. *Goerlitz*, 53 Misc. 53 (103 N. Y. Supp. 1037); *Cleveland* v. *Summerfield*, 194 Ark. 727 (109 S. W. [2d] 438); *Rankin* v. *Blanc*, 143 Wash. 22 (254 Pac. 254).

"The bankruptcy act does not require the impossible, but provides for the listing of the names of the creditors 'if known to the bankrupt' and not otherwise. Failure to state the names of unknown creditors does not impair the efficacy of the discharge." *Broderick* v. *Adamson*, 240 App. Div. 229 (268 N. Y. Supp. 766).

In *Morency* v. *Landry*, 79 N. H. 305 (108 Atl. 855, 9 A. L. R. 123), it was said that "The provision of the bankruptcy act requiring the scheduling of the names of creditors, 'if known,' plainly implies that one who has become a creditor without the knowledge of the bankrupt cannot complain because the claim was not scheduled as to him."

In *New Netherland Bank of New York* v. *Harris*, 233 Ill. App. 378, 383, two trade acceptances were issued to a customer of defendants. The customer discounted them with plaintiff, but defendants had no knowledge of this transfer. In the bankruptcy

schedule the acceptances were listed as a debt belonging to the customer. It was held that the debt was discharged, notwithstanding the fact that plaintiff had no notice or actual knowledge of the proceedings.

"We know of no provision in the bankruptcy law, and none has been pointed out by counsel, requiring the bankrupt to include in his list of creditors any holder of negotiable paper issued by the bankrupt who is unknown to the bankrupt. Nor is there any provision of the law requiring the bankrupt to make any investigation to ascertain whether creditors, to whom the bankrupt may have delivered negotiable paper, have in fact negotiated it. Where the bankrupt schedules the name of its creditor, to whom it has issued a trade acceptance or other negotiable paper, the debt and creditor represented by that paper must be held to have been properly scheduled, even if it may afterward appear that the creditor has negotiated the paper, unless it should also appear that the latter fact was known to the bankrupt at the time the schedules were filed. Both defendants in the case at bar testified that they had no knowledge of the negotiation of these trade acceptances until demand for payment was made by the plaintiff bank at the maturity of these acceptances.

"For the reasons stated we are of the opinion that the debt represented by the trade acceptances sued upon was scheduled by the bankrupt, as required by the bankruptcy act, and that, therefore, their discharge in bankruptcy was effective to relieve them from the payment of the trade acceptances, as held by the trial court."

See, also, *Gochenour* v. *Griever*, 295 Ill. App. 366 (15 N. E. [2d] 26). Cf. *Calmenson* v. *Moudry*, 137 Minn. 123 (162 N. W. 1076).

It is urged by plaintiff that naming the mortgagee without the word "trustee" in the schedule renders

ineffective the listing. We think the argument is without merit. The word "trustee" is not a part of the "name" of the creditor, but is merely *descriptio personae. Landyskowski* v. *Lark,* 108 Mich. 500; *Bridgman* v. *McIntyre,* 150 Mich. 78; *Feldman* v. *Preston,* 194 Mich. 352; *Bankers Trust Co. of Muskegon* v. *Forsyth,* 266 Mich. 517. See, also, *In re Fowle's Estate,* 292 Mich. 500. We do not commend as good practice the omission of the descriptive word to indicate trust capacity; nevertheless its omission does not render the discharge ineffective as to a creditor who was unknown to the bankrupt when the latter filed his schedules or obtained his discharge.

Because we hold the discharge in bankruptcy is a good defense to this suit, it is unnecessary to discuss the other questions raised.

The judgment is reversed, and the case is remanded with directions to enter a judgment of no cause of action. Costs to defendant.

Bushnell, C. J., and Sharpe, Potter, Chandler, North, McAllister, and Wiest, JJ., concurred.